HAIRE *v.* CHARLEVOIX CIRCUIT JUDGE.

1. MANDAMUS—PLEADING—CONCLUSIVENESS—STATUTES.
    On mandamus to review an order of the court below grant-
    ing a preliminary injunction, all material facts not specifi-
    cally denied by the plea must be taken to be admitted as
    true, under section 13440, 3 Comp. Laws 1915.

2. INJUNCTION—BOND—PENDING SUIT—ABUSE OF DISCRETION.
    Where a former proceeding for an accounting, based on the
    ground of a copartnership, was decided by the Supreme
    Court against plaintiff, and the injunction dissolved, it
    was an abuse of discretion of the court below to grant
    another injunction, on the theory of a joint adventure,
    without requiring of plaintiff a sufficient bond to protect
    defendant, who would thereby suffer great damage; the
    allegation that plaintiff was financially irresponsible not
    being denied; and there being no claim that defendant
    was not able to pay any amount that might be decreed
    against him.

Mandamus by Clark Haire to compel Frederick W.
Mayne, circuit judge of Charlevoix county, to vacate
an order granting a preliminary injunction. Sub-
mitted April 9, 1918. (Calendar No. 28,142.) Writ
granted April 26, 1918.

*Harris & Ruegsegger (H. Geer,* of counsel), for
plaintiff.

*Clink & Williams,* for defendant.

STONE, J. This proceeding is before us upon peti-
tion of the plaintiff herein, for a writ of mandamus
requiring the defendant circuit judge to vacate an
order granting a preliminary injunction made on
August 20, 1917, in a cause wherein Stanley A. Bush
is plaintiff, and this plaintiff and his wife are defend-
ants, and the return of the circuit judge made in pur-
suance of the order to show cause why such order for

an injunction should not be vacated, *or* a bond given by the plaintiff in said cause conditioned to pay the parties enjoined such damages as they may sustain by reason of the injunction, if the court shall eventually decide that the plaintiff was not entitled to such injunction. This litigation has been pending in this court, and in the circuit court for the county of Charlevoix, in chancery, nearly all the time, since May 14, 1915. On that date Stanley A. Bush filed his bill of complaint in said circuit court, in chancery, against Clark Haire and his wife, setting forth a contract of copartnership and asking for a dissolution thereof, and for an accounting. This bill was answered, and the issue formed was heard at the circuit, and a decree was entered sustaining the bill of complaint, from which the defendants therein appealed to this court, where, after an argument, an opinion was filed July 26, 1917, reversing the decree of the court below and dismissing the bill of complaint, "but without prejudice to the plaintiff to institute such proceedings as he may deem proper to obtain relief on the theory of joint adventure," and a decree was entered accordingly. *Bush* v. *Haire*, 197 Mich. 85.

At the time of the filing of the bill of complaint of May, 1915, a temporary injunction was issued restraining the defendants therein named and the Boyne City Handle Company, from in any way disposing of their property described in said bill as belonging to either of the defendants, or to said company. The defendants therein—being the plaintiff herein and his wife—answered the said bill denying the material allegations therein, and set forth that the Boyne City Handle Company was a corporation, and that the said Clark Haire was the principal owner of the stock of the said corporation.

Upon a motion to dissolve or modify said injunc-

tion, this plaintiff made an affidavit in which he stated, among other things, that he was owing large sums of money to the First National Bank of Boyne City and others, and that he had assigned his stock and logs for the purpose of securing credit to the Boyne City Handle Company; and upon the hearing thereof the circuit court made an order modifying the said injunction, recognizing that said debts, logs and stock were the property of the Boyne City Handle Company, which order is made a part of the return of the said circuit judge, and which modification was, in substance, as follows:

"That the Boyne City Handle Company, of which said Clark Haire was manager, may continue the business of operating the mill described in the bill of complaint in the manufacture of the logs therein described into lumber, broom handles and other products, and the disposing of the same in the ordinary course of trade, conditioned that the invoices for products sold shall be delivered to the First National Bank of Boyne City, Mich.; and the said First National Bank is hereby authorized to collect the payments of said invoices and pay the necessary labor bills incurred by the said handle company in and about the manufacturing of said logs as aforesaid, and selling of said products until further order of this court."

This injunction, as modified by the foregoing order, remained in full force and effect until July 26, 1917, when it was dissolved by the dismissal of the bill of complaint in this court.

On the 31st day of July, 1917, the said Stanley A. Bush filed another bill of complaint in the said court in chancery, setting forth in substance the same contract that was set forth by him in his bill of complaint filed May 14, 1915, and asking for the same relief, excepting that in his first bill of complaint he stated that the agreement was a copartnership, and gave its name and its purposes and asked for its dis-

solution and an accounting. Whereas, in his bill of complaint of July 31, 1917, he stated that it was a contract of joint adventure, and prayed for an accounting and also for an injunction. The property in which he sought to obtain an interest was substantially the same as that set forth in the first bill of complaint, which he described as belonging, a part to the Boyne City Handle Company, a part to Flora U. Haire, and a part to this plaintiff; and on filing this bill a temporary injunction was issued and served upon this plaintiff, purporting to restrain him and his wife and the Boyne City Handle Company from selling, assigning, or disposing of any of the property named and described in the said bill of complaint; and also containing an order directed to this plaintiff to show cause why the injunction should not issue during the pendency of this suit, according to the prayer of the bill of complaint.

On the 20th day of August, 1917, this plaintiff filed his affidavit for the purpose of showing cause, alleging, among other things, as reasons why said injunction should not be granted the following: That he owned a majority of the stock of the Boyne City Handle Company; that the Boyne City Handle Company owned the mill described in the bill of complaint, which was situate upon leased ground in the city of Boyne City; that said handle company during the winter of 1914-1915 had acquired a large quantity of hardwood timber and cut a quantity of hardwood logs for use in the manufacture of broom handles and other products; that it had built up for itself a valuable trade in its handles and other products; that its mill was in good running order at the time; that it had a crew of expert men, skilled in the manufacture of the products; and that it had a substantial credit with banks and others, and was in a position to operate to advantage the property. Said affidavit also set forth

the proceedings in the previous case and the injunction issued therein, and its continuation as hereinbefore set forth; that its business and credit had been damaged or destroyed by reason of the injunction in the first case, in that its assets were put in the hands of said First National Bank and were not made available for the payment of the debts of the handle company in due course, but could only be used to satisfy the debts which were a lien upon the property described in the bill of complaint; that the property was disposed of by the said trustee under the order of the court at a time when market conditions were not favorable; its inability to provide stock for continuing its operations for the ensuing year; the injury to the business by closing it down and requiring the sale of the property under conditions when it was not a going concern, but one being liquidated, as appeared to the trade; that its skilled crew was dispersed; and that the sale of a large part of this stock was under conditions which amounted to a forced sale, and which condition was known to a large percentage of the buyers of this stock; that the mill stood idle and had become greatly depreciated in value, and the loss of all the credit which it had at the time of issuing said injunction, and which had enabled him in the past to conduct the business and manage its affairs; also the allegation that no security had been given to him, or to his wife, or to the handle company by which they could be protected or reimbursed by reason of the loss sustained by them through said injunction, and that he had been subjected to expense in caring for the property, paying of taxes, insurance and watchman, while the interest on such of its debts as had not been liquidated by the sale of the stock had continued; and averring the financial irresponsibility of the plaintiff Bush.

An examination of the second bill of complaint

shows that there is no claim that the said Clark Haire is financially irresponsible.

In disposing of the motion upon the showing made, the said circuit judge, after discussing the first case and the opinion rendered by this court therein, used these words:

"Without prejudice to the rights of the parties this motion is denied. If the Supreme Court say they will not rehear the case, counsel may upon four days' notice present this motion.

"*Mr. Harris:* The motion is denied; do I understand that that means that the injunction will be maintained?

"*The Court:* Yes, for the purpose of mandamus or any other remedy you may have."

Subsequently, and after the filing of the petition herein, the said Stanley A. Bush, plaintiff in the original suit, applied to this court for a rehearing, or, in case that was denied, for leave to amend the original bill of complaint in this court by alleging a joint adventure, instead of a copartnership, and a rehearing upon such amended bill; or that the case be remanded to the court below with leave to apply for an amendment, and a hearing upon the testimony already taken in the original cause. These motions were denied by this court.

This writ is asked for upon the grounds that the denial of the motion to dissolve the injunction, *or* at least to require the plaintiff Bush, under the circumstances, to give security sufficient to compensate said Clark Haire and his wife for any damage that might accrue to them by reason of the existing injunction, was an abuse of the discretion of the circuit judge upon the grounds stated.

It is strongly urged by the plaintiff here, that it is inequitable and unjust and an abuse of the court's discretion to continue said injunction upon said Bush's second unsupported statement, without requiring him

to secure the said Haire and wife against damage. This matter is before this court upon the petition and return of the circuit judge. In other words, there is no plea filed to such return, and our present statute provides that all material facts stated in said return that are not specifically denied by the plea shall be taken as admitted to be true. (Section 4, chap. 36, judicature act, 3 Comp. Laws 1915, § 13440.)

We have examined the return of the defendant circuit judge with considerable care, and while many of the allegations of said petition are denied by the circuit judge, we think that he does not meet the claim that a bond should have been filed before the issuance of this injunction in view of the affidavit of Clark Haire and his wife, and the answer, which appears to have been filed upon August 20, 1917. The learned circuit judge seems to have considered the evidence in the original case, which was not before him, and to have held as follows:

"And where the evidence shows, as in the case at bar, that the property was purchased and improved with the money made by them in their joint dealings and that a decree could not be otherwise enforced, that the property so purchased and improved should be held under an injunction until the settlement of any decree that may be rendered in said cause. If this were not so it would give the party committing a wrong an advantage inconsistent with equity and justice;"

—and he expresses no doubt that upon the claim of a joint adventure the plaintiff Bush would be entitled to recover in said suit. A motion to vacate the order is not now necessary. (Section 2, chap. 36, judicature act, 3 Comp. Laws 1915, § 13438.)

From aught that appears in this record, if Bush should sustain his bill of complaint, there appears to be no reason why Haire is not amply able to pay any amount that may be decreed against him. It also ap-

pearing that Bush is financially irresponsible, we are of the opinion that the circuit judge should have required a bond before the issuing of the injunction in said second suit.   The following language of Justice CAMPBELL, in *Torrent* v. *Muskegon,* 47 Mich. 115, 120, is applicable:

"We also feel it our duty to refer to the danger of interfering in the outset of a case, by injunction, with interests, where delay may work great damage, without making full provision for redress by an adequate injunction bond.   Defendants ought not to be subjected by the machinery of the law to irreparable mischief."

That rule is especially applicable where property rights are involved.

In our opinion the writ of mandamus should issue to the circuit judge directing him to forthwith make an order requiring the said Stanley A. Bush to execute a bond to the defendants in the penal sum of $10,000, with two or more sufficient sureties to be approved by the circuit judge, conditioned to pay the parties enjoined such damages as they may sustain by reason of the injunction, if the court shall eventually decide that the plaintiff Bush was not equitably entitled to such injunction; and if such bond is not filed in said cause within 30 days after the filing of this opinion, that said injunction be dissolved.   It will be so ordered, and the plaintiff herein will recover his costs in this proceeding against the said Stanley A. Bush to be taxed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.