FLETCHER v. FLETCHER.

KING v. FLETCHER.

1. APPEAL AND ERROR—JUDGMENT—RES JUDICATA.
Where the Supreme Court filed an opinion reversing the decree of the court below, and, pending the settlement of the decree, denied a petition for an order to remand the record for the purpose of further testimony, or leave to file a bill of review, and sent the case down to the circuit court, in chancery, for the purpose of an accounting, "without prejudice to the rights of the parties hereto to have determined any claims they may have, other than the existence of the general copartnership as alleged in the bill of complaint," the action of the court below, in allowing an amendment, taking further testimony as to a joint adventure, and entering a decree, which, aside from the preamble and recitals, is, word for word, the same decree as the one reversed, is unjustifiable.

2. JOINT ADVENTURES—DEFINITION.
A "joint adventure" may be defined as an association of two or more persons to carry out a single business enterprise for profit.

Appeal from Alpena; Emerick, J. Submitted April 8, 1919. (Docket No. 7.) Decided May 29, 1919.

Bill by Frank W. Fletcher against Frank W. Fletcher and Allan M. Fletcher, executors of the will of George N. Fletcher, deceased, and Grace Fletcher King for an accounting. From the decree rendered, all parties appeal. Reversed.

*H. E. Spalding* and *Charles R. Henry*, for plaintiff.

*I. S. Canfield*, for defendant Fletcher.

*J. O. Murfin*, for defendant King.

STONE, J. This is the second time this case has been before us. Our first decision will be found reported in 197 Mich. 68. A reference to the former opinion will show all the facts necessary to a proper understanding of this litigation down to that time. In that opinion Chief Justice KUHN, speaking for the court, among other things, said:

"While the plaintiff has failed to establish by competent evidence the existence of the copartnership, it is also convincing that the existence of such a partnership would be inconsistent with the established methods of George N. Fletcher in doing business and his often expressed desire to have his children share equally in the distribution of his estate.  *  *  *

"Being constrained to find that no copartnership has been established, many of the other questions with reference to an accounting as to various items discussed at length in the briefs are eliminated. The various accounts should be balanced as of the date of Mr. Fletcher's death, and a proper distribution of the $300,000 additional stock of the Fletcher Paper Company be made.

"The decree of the lower court will be reversed, and a decree here entered in accordance with this opinion, with costs to the defendant Grace Fletcher King, but without prejudice to the rights of the parties hereto to have determined any claims they may have other than the existence of the general copartnership which is alleged in this bill of complaint."

That opinion was handed down June 27, 1917. On September 14, 1917, the decree not yet having been settled, a petition and brief on behalf of Frank W. Fletcher, complainant and cross-appellant, were filed for an order to remand the record for the purpose of further testimony, or leave to file a bill of review. On the same day a motion and brief for rehearing were filed, on behalf of said Frank W. Fletcher. In the first petition it was stated as follows:

"Complainant and cross-appellant presents to this honorable court this petition and brief in support thereof for an order remanding the record to the circuit court for the county of Alpena, in chancery, or for leave to file a bill of review, at the same time in separate proceedings, presenting to this court a motion and brief for rehearing of said cause in this court."

In the petition for an order to remand the record, certain claimed newly-discovered evidence was set forth, among other things: that on the 18th day of May, 1895, George N. Fletcher had testified in the State of Massachusetts, in the case commonly known as *Brown* v. *Fletcher*, that the firm of George N. Fletcher & Sons consisted of George N. Fletcher, Frank W. Fletcher and Allan M. Fletcher. Said petition was supported by numerous affidavits. The said petition to remand the record, or for leave to file a bill of review, and the motion for a rehearing both came on for hearing at the January, 1918, term of this court, and both the petition and the motion were denied by this court on March 28, 1918. The decree was settled and entered on April 2, 1918. The first clause of said decree provides:

"The decree of the circuit court for the county of Alpena, in chancery, shall be, and the same is hereby reversed and vacated, but without prejudice to the rights of the parties hereto to have determined any claims they may have, other than the existence of the

general copartnership as alleged in the bill of complaint.

"2. George N. Fletcher & Sons was never a copartnership; the business done by the name of George N. Fletcher & Sons was not a copartnership; the property standing and being in the name of George N. Fletcher & Sons was not copartnership property; George N. Fletcher, Frank W. Fletcher and Allan M. Fletcher were never copartners doing business under the name of George N. Fletcher & Sons.

"3. All the accounts of the estate of George N. Fletcher, Frank W. Fletcher and Allan M. Fletcher relating in anywise to the business conducted in the name of George N. Fletcher & Sons, shall be balanced as of the date of the death of George N. Fletcher, November 5, 1899.

"4. A proper distribution of the $300,000 additional stock of the Fletcher Paper Company, and all other property and assets shall be made pursuant to the respective interests of the parties based upon the accounting referred to in paragraph 3 of this decree, and pursuant to such decree as the circuit court for the county of Alpena may hereafter make as to such stock, property and assets.

"5. This cause shall be, and is hereby remanded to the circuit court for the county of Alpena, in chancery, wherein the accounting herein referred to shall be made, and the rights and interests of the respective parties shall be determined by such decree as said lower court shall hereafter make."

The decree concluded by ordering costs to Grace Fletcher King to be taxed.

While no specific allegation of the original bill of complaint had claimed compensation to Frank W. Fletcher for his services in the management of George N. Fletcher & Sons' business, in the briefs filed in this court on his behalf, among other things, it had been said:

"Can it be assumed that Frank W. Fletcher and Allan M. Fletcher, who devoted their time and services to the enterprise, thereby contributing the best

years of their life to the business, should share equally with their sister?"

Also quoting the words of H. M. Campbell as follows:

"It is inconceivable that any person would expect that they should devote their entire business lives to the building up of a great business without either a salary or an individual interest in it. The question then is, What was the extent of that interest?"

And in the oral argument counsel called attention to the same subject.

This court having in mind that upon the accounting some claim might be presented by Frank W. Fletcher for compensation for his services, inserted the clause both in the opinion and in the decree that the decree of the circuit court should be reversed,—

"but without prejudice to the rights of the parties hereto to have determined any claims they may have, other than the existence of the general copartnership as alleged in the bill of complaint."

The case having been remanded to the circuit court for the county of Alpena, in chancery, the parties appeared in that court on July 2, 1918. Notwithstanding the fact that this court had denied the petition to remand the record for further testimony and for leave to file a bill of review, and had denied the motion for a rehearing, a motion was presented in the circuit court that the bill of complaint be amended as follows:

"(a) By inserting in said bill of complaint an additional paragraph to be numbered 13a, as follows:
"That the decision of the Supreme Court made in this cause June 27, 1917, and the decree entered pursuant thereto, as complainant is advised and avers, determines that George N. Fletcher & Sons was not a general copartnership, and that George N. Fletcher, this complainant, and Allan M. Fletcher were not co-

partners therein, but does not determine the title to the property held in the name of George N. Fletcher & Sons or resulting from the business carried on under that name, or what persons are interested in said property and business or the nature, extent and proportions of the interests therein or the legal relations between the parties so interested. That said decision and decree were made without prejudice to the rights of the parties to this suit to have determined therein any claims that they may have other than the existence of the general copartnership alleged in the original bill of complaint.

"That after the death of George N. Fletcher in 1899, and from that time down to the time of said decision of the Supreme Court, as well as before the death of said George N. Fletcher, the business and property of George N. Fletcher & Sons were carried on and managed upon the theory and in the belief that George N. Fletcher & Sons was a copartnership and that the complainant and the defendant Allan M. Fletcher were the surviving partners thereof and entitled to the management and control of said business and property; that up to about the commencement of the present suit, the propriety of continuing said business without liquidation or distribution of the property thereof was not questioned by anyone.

"That complainant has had the principal part in the management and control of said business and property and that the property of George N. Fletcher & Sons and the value thereof has largely increased since the death of said George N. Fletcher and that said result is largely due to the complainant's management thereof.

"That complainant is advised and avers that if said George N. Fletcher & Sons was not a copartnership, the concern known by that name was organized and its business was conducted by said George N. Fletcher, this complainant, and Allan M. Fletcher as a joint adventure and one in which and in the property and profits resulting from which they were equally interested and no one else was interested.

"That in view of the facts above set forth, the property accumulated in said business, whether before or after the death of said George N. Fletcher, belongs

one-third to the estate of George N. Fletcher and one-third each to the complainant and to Allan M. Fletcher.

"That in view of the disputes that have arisen and in order that a proper accounting may be had and a proper determination of the interests of the several parties hereto in the property of said George N. Fletcher & Sons, and that a proper distribution thereof may be had, it is necessary that further testimony be taken on the several issues involved.

"(*b*) And by inserting also in the prayer of said bill of complaint the following section:

"(*e*) That such further testimony may be taken as may be necessary for the determination of the rights and interests of each of the parties hereto in the property and business of George N Fletcher & Sons, including all property accumulated since the death of said George N. Fletcher and necessary for the determination of the principles upon which the accounting herein should be had and for the statement of a proper account herein, and that upon such testimony the court may make such order or orders and such final decree as may be necessary to determine the rights and interests of the parties hereto in said property and for the division and distribution thereof.

"2. That the court by proper order may direct the taking of testimony pursuant to the prayer of the bill, as amended, and thereafter may by order direct an accounting and determine the principles upon which the account shall be stated, to the end that after the statement of such account, final decree may be entered herein.

"This motion is based on the records and files in this case and the testimony heretofore taken therein, including the affidavits of Frank W. Fletcher, of Charles R. Henry and a copy of the affidavit of Marion E. Brown filed in the Supreme Court of Michigan with the petition for an order to remand this cause, and also upon the affidavit of Frank W. Fletcher hereto attached and herewith filed."

When this motion was presented to the circuit court discussion arose between court and counsel, in which it appears that counsel for the defendants Grace Fletcher King and Allan M. Fletcher objected to the

proposed amendment, claiming that the circuit court could not properly permit the amendment to be made after the final decree of this court settling the rights of the parties; that there was no practice that would justify such an amendment at that stage of the proceeding, and attention was called to the provisions of sections 1 and 3 of chapter 16 of the judicature act (3 Comp. Laws 1915, §§ 12478, 12480) relating to amendments.

It was the contention of counsel for Frank W. Fletcher that the practice found justification in the case of *Bush* v. *Haire*, 197 Mich. 85. But counsel for the defendants contended that to permit this proposed amendment would be the retrying of the entire case, and attention was called to the following language in the opinion:

"Considering, however, what clearly appears and is practically conceded, that it was the desire of George N. Fletcher to have his property equally divided among his children, we are of the opinion that the plaintiff has failed to produce that strong and convincing proof to establish a partnership relation which would result in depriving his only daughter of substantially two-ninths of his estate."

And it was urged that the opinion of this court, predicated upon the prayer in the original bill, had specifically determined that this property, subject to adjustment since the death of George N. Fletcher, belongs in equal parts to these three parties. And attention was called to the clause that the various accounts should be balanced as of the date of Mr. Fletcher's death and a proper distribution of the stock had. The learned circuit judge, in the course of the discussion, very properly said:

"We must follow the light of the opinion and decree rendered. There was an adjudication. What was adjudicated by this decree? One thing was—and a very important matter—that the property, nomi-

nally and in form transferred by George N. Fletcher to George N. Fletcher & Sons, was never copartnership property. They determined that by their decree. And why? What reason did they have for it? Well, the most cogent reason that they gave was because it appeared on the whole case that he never intended to deprive Grace of her equal rights as his heir to all his property, including the property which he had transferred to George N. Fletcher & Sons. What reason do they give to sustain their conclusion that there was no copartnership? They say that Mr. Fletcher— it was apparently intended that his children should share equally in all his property, and surely he would not then have made a disposition of his property which practically deprived his daughter of two-ninths of all of such estate of his as he transferred to George N. Fletcher & Sons. That is one reason they give. And, second, in reference to the item of $500,000 which George N. Fletcher transferred from his own account —from his own property to the property of George N. Fletcher & Sons—they said he would not have done that if he hadn't supposed that she had an interest in it.

"It is the very spirit of the opinion and the decree which follows it, that the capital and property of George N. Fletcher was not owned by any one to the exclusion of Grace as an equal heir to all the property of her father. That is the spirit of this finding. Now, it wouldn't seem to me that it would be permissible, calling this new relation a joint adventure, rather than a copartnership, to change the whole finding and determination of the Supreme Court. They say George N. Fletcher never intended to form a copartnership and transfer a great bulk of his property to it, so as to exclude his daughter from that property so transferred. I think I am right. I know I am right in my quotation—my citation from the opinion of the court. Now, therefore, he would not have formed a copartnership having that effect, or which would result in that effect. Well, he wouldn't do it any more in the form of a joint adventure than he would a copartnership.

"It is not possible that the Supreme Court have

reversed this case simply because of a wrong name for the business relation which existed between those two men composing George N. Fletcher & Sons. They wouldn't do that, I don't think. But the fact remains that they have said, as I read from the decree, 'without prejudice to the rights of the parties to have determined any claims that they may have, other than the existence of a general copartnership.' Now, you conceive that you have a right to raise this question. Maybe you have. As affecting the interest of Grace Fletcher King in the property, I don't think you have.

"But it is not for me to cut you off at this stage of the case; and while I do not think the amendment is necessary to permit proper proofs—now, I say proper proofs—on proper items, it would do no harm to allow it, and I do not think it will result in any inconvenience.

"You have a right here to take proofs upon subjects which are not already foreclosed by the decree of the Supreme Court; and as to what subjects are foreclosed you have a right to take the opinion of the appellate court, and I am not going to shut you off from doing it."

The amendment was therefore allowed over the objections stated, and Frank W. Fletcher was sworn and testified at great length to the amounts which he drew, and amounts which he paid in to George N. Fletcher & Sons from its inception down to his father's death in 1899; there were also introduced in evidence numerous letters from his father; also testimony of George N. Fletcher taken in what is termed the "Brown litigation," some of which called forth from the court the expression: "You ought to have hunted that up before your former hearing." And the answer of Frank W. Fletcher, "I thought I had enough." The same testimony of George N. Fletcher contained in the petition to remand, was introduced in evidence, and also additional testimony in the same case was offered and received in evidence.

During the cross-examination of Frank W. Fletcher

the following colloquy between court and counsel is significant, as tending to show what counsel understood might have been in the mind of this court in inserting the clause in the decree so often referred to: Mr. Murfin, in cross-examining Frank W. Fletcher, said:

"I take it that the testimony offered, as Mr. Spalding stated, was for the purpose of laying the ground for you to be given compensation, wherever that is coming from, or whatever interest it is coming from. I ask you again, when did you first decide to charge your brother and sister anything for the services you rendered?

"*Mr. Spalding:* Let me make a statement before that question is answered. It is our contention that the interests of George N. Fletcher & Sons are substantially in thirds, and that Frank Fletcher is entitled to one of those thirds. If the court should ultimately hold that we are incorrect in that connection, I desire to be in position upon this record, or to have this record in such shape, that the court may be able to make such equitable allowance as under all the circumstances they think proper. There has been no determination, such as counsel's question is directed toward, at all. But I think it proper to have this record show the character and extent of the services that Mr. Fletcher has performed in all these interests, to have the matter submitted to the sound discretion of the court.

"*Mr. Murfin:* Then he is not going to ask compensation?

"*Mr. Spalding:* I should certainly ask, as I have said, the court in their final determination and adjustment of these interests to take that into consideration, in the event that they should find that our theory that he is entitled to a third interest in the property is not warranted.

"*Mr. Murfin:* I submit my question in view of counsel's statement is a very proper one. It is evident that there is nothing else to do. It has been in his mind all this time.

"*The Court:* Well, it is very different, indeed, from a man's coming in and claiming compensation for

something which he must have known from the start, that if he was to have anything that he should make a claim. As I understand the statement of counsel— I am not making any statement on behalf of the court whatever, I am not making any statement on behalf of the court—as I understand the position of counsel it is this: That it is their contention now that the partners are not—that the property of George N. Fletcher & Sons belongs to the three heirs of George N. Fletcher in equal thirds.

"*Mr. Spalding:* No, your Honor. I was unfortunate in expressing myself. My contention is not that the property of George N. Fletcher & Sons belongs to the three heirs in equal shares, but that they belong one-third to Frank W., one-third to Allan, and one-third to the estate of George N. Fletcher.

"*The Court:* In other words, Grace would own one-ninth and each of the brothers four-ninths; that is their claim that they are entitled to certain aliquot portions of his property; but if that shall be found against him, then you claim they shall be compensated for their services for all the years in which this property has been managed by them, and they may not have intended to charge anything along years back, at all. I think Mr. Fletcher understands the situation and can answer the question shorter than we can talk about it.

"*Q.* When did you first decide to ask your brother and sister to pay for the services you had rendered?

"*A.* I had supposed from 1890—thirty years ago that I had been handling George N. Fletcher & Sons as a partner and in consequence of my part of the partnership was to give my services. I have just found by the Supreme Court decision that I am not. Therefore, as my counsel says, the question is open as to what my services shall be. And there has been no consideration prior to the decision of the Supreme Court to render—to have any salary from George N. Fletcher & Sons.

"*Q.* In other words, until the Supreme Court decided this case, you had no intention of charging your brother and sister for any services you had rendered?

"*A.* To George N. Fletcher & Sons.

"*Q.* Or anybody else?

"*A.* To George N. Fletcher & Sons.

"*Q.* Had you ever expected at any time before this decision to charge Grace Fletcher King for any service you had rendered for any interest which she had in them?

"*A.* Yes, I have had the question in abeyance a good while, whether I should ask compensation for services·as administrator or not."

Notwithstanding what was said by the learned circuit judge during the proceedings in the circuit court, in chancery, on the 9th day of August, 1918, he filed an opinion on the settlement of the final decree, in the course of which he said:

"It is the present position of plaintiff that, while the actions and doings of the several persons connected with the concern known as George N. Fletcher & Sons were each correctly stated in his bill of complaint herein, it was a mistake and a misnomer to call the same a copartnership, and that the decree above recited, only decides that there was no general copartnership and leaves the legal status of such persons and property, otherwise than as partners, wholly undetermined; that the business carried on for several years under the name of George N. Fletcher & Sons was a joint adventure in which each of the partners named had a one-third interest, and that the property accumulated should be distributed in that proportion. The most tangible reason given by the court for its determination that there was no copartnership, or copartnership property is this:

"George N. Fletcher at all times intended his daughter Grace to share his estate equally with his sons. Hence, he would not form a copartnership with them and transfer to it his property, so that the effect would be to deprive Grace of 'substantially two-ninths of his estate'; and neither would he give $500,000 to the business of George N. Fletcher & Sons if he had not 'thought that his daughter was interested in that business and would not be deprived of her share by the transfer so made by him.' It is of the very spirit of the opinion that the capital and property of George N. Fletcher & Sons was not owned by anyone to the

exclusion of Grace as an equal heir to all the property of her father.

"And, if he would not so transfer his property to a copartnership for the reasons stated, surely he would not to a joint adventure if the result would be precisely the same as to the interest of Grace in this property. True it is, that the reason given by the Supreme Court for its determination is not what was adjudicated. That is limited to the very decree. But, where a decree that there was no copartnership rests so fundamentally upon the asserted intention of George N. Fletcher that his daughter should share equally in his estate, I would not deem it becoming for this court practically to reverse such holding by finding the business of George N. Fletcher & Sons to have been a joint adventure *upon the same proofs.*

"But the proofs now taken are not the same as those before the Supreme Court, and are quite sufficient to show, and I think do show, that to the perfect knowledge of George N. Fletcher and his sons, the business of Fletcher & Sons was a joint adventure, in which he and his two sons had each an equal one-third interest as the presumption would be in law, and as he said."

Notwithstanding all that had been said by the learned circuit judge, a decree was entered which, aside from the preambles and recitals, is, word for word, the decree of April 4, 1916, which this court said was a wrong decree. It would be difficult to find a precedent for such a remarkable result, under such circumstances. To sustain such a remarkable result it must be claimed that the circuit court for the county of Alpena, in chancery, had the right to permit the amendments proposed by counsel for Frank W. Fletcher, and to reopen the case for any testimony which he might choose to offer, notwithstanding the denial of this court of the petition for an order to remand the record to take further testimony, and for leave to file a bill of review. And after denying the motion for a rehearing. It is inconceivable that this was a proper practice, or that the course pursued was a proper one. The case was sent down to the circuit court, in chan-

cery, for the purpose of an accounting upon the basis of the finding and decree of this court.

"without prejudice to the rights of the parties hereto to have determined any claims they may have, other than the existence of the general copartnership as alleged in the bill of complaint."

We think such course was unjustifiable and that this court should not look into, or pass upon such new evidence introduced under such circumstances. It may be said, however, in passing, that the new evidence, if it has any probative force whatever, tends to show a general copartnership in which there was a community of property, a community of interest, and a community of profits, in a general business carried on for years; and not a joint adventure, which may be defined as an association of two or more persons to carry out a single business enterprise for profit. Rowley on Partnership, § 975, and numerous cases cited. See title "Joint Adventure," 15 R. C. L. p. 500, and numerous cases therein cited. In nearly all the cases cited by counsel upon the subject of joint adventure, it appears that the adventure related to a single and isolated transaction. It is true that there are some exceptions to this statement, but in the main it will be found to be true. It is true in *Brotherton* v. *Gilchrist*, 144 Mich. 274 (115 Am. St. Rep. 397), and in *Bush* v. *Haire, supra*. It was distinctly said in the last-named case that:

"A careful study of this record forces the irresistible conclusion that such dealings as the parties had with one another were a series of independent transactions, each separate and distinct from the others, concerning which no general copartnership existed." Citing cases.

In that case there was a reversal of the decree below, and a decree entered in this court dismissing the bill of complaint with costs, but without prejudice to the

plaintiff to institute such proceedings as he deemed proper to obtain relief on the theory of a joint adventure. The course pursued in that case was simply authority for the institution of a new suit, which, as appears in *Haire* v. *Charlevoix Circuit Judge*, 201 Mich. 224, was brought later by filing another and an independent bill of complaint. That was not this case in either practice or principle. The instant case, when here before, was not disposed of on any such narrow theory as that which is advanced by the plaintiff here. There can be no question that it was the intention of this court to foreclose the question of the rights of Frank W. Fletcher and Allan M. Fletcher to the property standing in the name of George N. Fletcher & Sons. In the language of the circuit judge, above quoted,—

"it is the very spirit of the opinion and decree which follows, that the capital and property of George N. Fletcher & Sons was not owned by anyone to the exclusion of Grace as an equal heir to all the property of her father."

That was the spirit of the decree in this case. The accounting had in the court below was not in pursuance of the finding and decree of this court, notwithstanding the injection into the record of some testimony tending to show the extent of the services of Frank W. Fletcher. There is no finding of the court upon that subject.

Many pages of the brief, and much of the oral argument of plaintiff's counsel were devoted to a reargument of the case as it appeared in the first record, urging that this court had reached a wrong conclusion; and it might properly be called a rehearing, although a rehearing had been denied by this court.

In the interest of proper practice and to carry out the spirit of the decision and decree of this court, the decree of the court below will be reversed. The same

decree will be entered as before, except that the clause contained in the first paragraph will be so amended that it will read: But without prejudice to the rights of any of the parties hereto to have determined on such accounting any claims for services that they may have against the estate of George N. Fletcher. The defendant Grace Fletcher King will recover her costs in this court against Frank W. Fletcher to be taxed.

BIRD, C. J., and OSTRANDER, MOORE, BROOKE, FELLOWS, and KUHN, JJ., concurred. STEERE, J., took no part in the decision.