184 So. 286

GREAT ATLANTIC & PACIFIC TEA CO.
v. GILLEY.

6 Div. 287.

Court of Appeals of Alabama.

Nov. 1, 1938.

J. L. Drennen, of Birmingham, for appellant.

George Rogers, of Birmingham, for appellee.

RICE, Judge.

Appellee was plaintiff and appellant was defendant in the court below.

The record discloses that the Great Atlantic & Pacific Tea Co., a corporation, occupied, as lessee, a building at No. 2316 Second Avenue, North, Birmingham, Alabama, and had sub-leased a portion of said building to Joseph & Resha—presumably a partnership—who, in turn, had sub-leased a part of their portion to Mike Carbonie; that each of the three were operating a separate and distinct business at this location; that the Great Atlantic & Pacific Tea Co. had no control whatsoever over either the business or employes of the other two concerns; that there was only one door to this building, and that an awning had been erected on the outside of the building, from one side of the building to the other, and that said awning was used by the Great Atlantic & Pacific Tea Co., and by Mike Carbonie, and by Joseph & Resha, at the will of each; that the appellee, John Gilley, was injured while the awning was either being lowered or raised by one of the lessors, Mike Carbonie, while standing in front of this building and under the awning.

The record further discloses that, although the awning protected the front of the display windows of both the Great Atlantic & Pacific Tea Co. and Mike Carbonie, that neither of the two had the right to direct the other as to how, when, or for what reason, the awning should be lowered or raised, each having an independent right to raise or lower this awning at will. There was testimony that at the time Mike Carbonie raised or lowered this awning, that both Mike Carbonie and the Great Atlantic & Pacific Tea Co. had articles in their display windows.

These facts seem to be without dispute between the parties to this suit. There is no contention between the parties that Mike Carbonie was in any way connected with the Great Atlantic & Pacific Tea Co.; and the only liability that could attach to the appellant would be on the theory that the regulation of the use of the awning constituted a joint enterprise between the parties.

A joint enterprise has been defined, —and we adopt the definition—as being "a special combination of persons undertaking jointly some specific adventure for profit, without any actual partnership or corporate designation; an association of persons to carry on a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge." See note 48 A.L.R. p. 1056.

It has also been defined as an association of two or more persons to carry out a single business enterprise for profit. Fletcher v. Fletcher, 206 Mich. 153, 172 N.W., 436.

In the case of Crescent Motor Company et al. v. Stone, 211 Ala. 516, 101 So. 49, our Supreme Court has said that parties are not engaged in a joint enterprise, within the law of negligence, unless there is a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto.

In the case of Whiddon v. Malone, 220 Ala. 220, 124 So. 516, 517, our Supreme Court said: "The law recognizes cases wherein two persons may engage in the operation of a car as a joint enterprise, each being the agent of the other, rendering both liable to third persons for the negligence of either. The doctrine rests upon the present and common right to direct and control the movement of the car, thus imposing a duty on the co-adventurer to see that it is driven by the man at the wheel with due regard to the rights of others on the highway." Citing Crescent Motor Co. v. Stone, supra, and other cases. "That this plaintiff [i. e. the plaintiff in the case we are quoting from] and defendant had common business interests in Montgomery, that they were on a trip relating to such business, and that plaintiff was invited by defendant to ride in his car, without more, would not make plaintiff a joint adventurer in the operation of the car, even as to third persons. Plaintiff would occupy the position of passenger or invited guest."

In examining the facts of the present case, there is no testimony that at the time the awning was lowered or

raised it would be of any value to the Great Atlantic & Pacific Tea Co., or that they were benefitted in any way thereby, nor is it in any way shown that at the time the awning was lowered or raised, or at any other time since the lease began, the Great Atlantic & Pacific Tea Co. had the right to direct and govern the movement and conduct of Mike Carbonie in respect to lowering or raising the awning.

The burden of proof being on the plaintiff in this case, to prove the material allegations of his complaint to the reasonable satisfaction of the jury, and the plaintiff having failed to show any joint enterprise entered into between the defendant and Mike Carbonie, the learned trial judge should have given the affirmative charge for the defendant in this case.

For his error in refusing to do so, the judgment is reversed and the cause remanded.

Reversed and remanded.