130 So.2d 827

**Johnny TIMMERMAN**

v.

**Julius HAYNES.**

**6 Div. 794.**

Court of Appeals of Alabama.

May 30, 1961.

**304**

Johnson & Randall, Oneonta, for appellant.

Jack Martin Bains, Oneonta, for appellee.

**PRICE, Judge.**

This is an appeal from a judgment of the Circuit Court of Blount County, Alabama, in a property damage action arising out of an automobile collision.

The action was commenced against appellant and one Green. The record shows that Green appeared and demurred to the complaint, but made no further defense. The judgment entry contains a nil dicit judgment against Green and then a final judgment against both Green and appellant. Due summons and notice of the appeal were given Green in accordance with Title 7, Section 804, Code of Alabama 1940, but he has not appeared in this court.

This cause is submitted on appellee's motion to dismiss the appeal and on the merits.

 The motion to dismiss is on the ground that the record was not timely filed in this court and that appellant has not served a copy of the transcript on appellee.

The record shows that the appeal was taken within six months from the date of final judgment, Title 7, Section 788, Code 1940; that the transcript of evidence was filed with the clerk below within sixty days of the perfecting of the appeal, Title 7, Section 827(1), and that the record was filed in this court within sixty days of the filing of the transcript of evidence in the court below. Supreme Ct. Rule 37. Thus the record was timely filed in this court.

Title 7, Section 768, Code, requires that the circuit clerk shall provide the appellee with a copy of the transcript; thus the failure of appellant to serve a copy on appellee is no ground for dismissal.

Appellee's motion to dismiss the appeal is without merit, and is denied.

Appellee's claim for damages arose out of an automobile collision between appellee's automobile and a truck driven by defendant Green. At the time of the collision, appellee's automobile was being driven by his grandson. The other vehicle, driven by Green, was shown to belong to appellant's father with appellant being a permissive user. Appellant was an occupant of the truck at the time of the collision.

Without detailing the evidence, we think it sufficient to say that the evidence, if believed to the required degree, tended to show that Green was negligently operating the truck. Testimony of eye witnesses and officers investigating the collision was to the effect that the Timmerman truck had been weaving erratically on the highway just prior to the collision and was on the

wrong side of the highway at the time of the collision.

The trial below was by the court without a jury. Appellant's assignment of error that the court erred in entering judgment for the appellee puts the sufficiency of the evidence in issue. Jones Valley Finance Co. v. Tennille, 40 Ala.App. 284, 115 So.2d 495.

Appellant in brief does not question the sufficiency of the evidence to show that the driver, Green, was negligent, but asserts that the evidence was insufficient to prove any of the allegations of the complaint whereby the negligence of Green would be imputed to appellant or to show any negligence on the part of the appellant.

The case was tried under Counts I, II, III, and VI of the complaint.

Count I, in substance, alleges that Green negligently drove, etc., and that Green was the servant, agent, or employee of appellant, who was the owner of the truck. There is no evidence which tends to show that Green was an agent, servant, or employee of appellant. In fact, the testimony shows that Green was not an agent, servant, or employee of appellant and that appellant was not the owner of the truck.

Count II alleges that Green was driving the truck and that appellant did pull or jerk the steering wheel of the truck and that the concurring negligence of Green and appellant caused the truck to run into, upon, etc., Count III alleges that Green was operating the truck and that appellant negligently grabbed, pulled, or jerked the steering wheel, and that the concurring negligence of appellant and Green caused the truck to run into, upon, plaintiff's motor vehicle. As to Counts II and III, there is no evidence which tends to show that appellant grabbed, pulled or jerked the steering wheel of the truck.

Count VI of the complaint alleges that Green negligently drove the truck into, upon, etc. As to appellant, the allegations of this count are:

"Plaintiff alleges that at said time and place that the defendant, Johnny Timmerman was an occupant of the motor vehicle being operated by defendant, Elbert Green, and that defendant, Johnny Timmerman, had the right to control its operating by said driver, and was at said time the owner or bailee of said automobile, and that at said time and place the motor vehicle driven by Elbert Green, defendant, was operated for the benefit of defendant, Johnny Timmerman or for the mutual benefit of Johnny Timmerman, defendant, and Elbert Green, defendant.

"Plaintiff further avers that all of his damages was caused by the concurring negligence of the defendants, who had (sic) said time and place were on a joint adventure or enterprise, and as a proximate consequence of said negligence the plaintiff suffered the injuries and damages herein set forth."

As noted above, the evidence failed to show that an agency or a master-servant relationship existed between appellant and Green. The allegations of Count VI follow the requirements for imputing negligence, in such a situation, as set out in Downes v. Norrell, 261 Ala. 430, 434, 74 So.2d 593.

The evidence in this regard showed that appellant was an occupant of the truck. There was evidence from which it could be inferred that appellant had probably not relinquished the right to control the operation of the truck and that appellant was a bailee of the truck. However, the evidence fails to show that the truck was being operated for the benefit of the appellant or for the mutual benefit of appellant and Green.

Appellant's testimony was the only evidence offered on this point. He testified he used his father's truck to come to Oneonta to get hog feed. While in Oneonta he saw Mr. Green on the street; that Mr. Green asked him to go to Remlap; that Green

**306**

asked to drive and appellant consented to his driving; appellant stated he had no business in Remlap and that the trip was only an accommodation to Green. Green paid appellant nothing for the trip and appellant paid Green nothing. Appellant testified he did not get out of the truck in Remlap, that Green went into a store, transacted some business and they were on the way back to Oneonta when the collision occurred; that appellant transacted no business and had no interest in the business of Green.

We are clear to the conclusion that the evidence is not sufficient to justify a recovery under Count VI of the complaint. See Great Atlantic & Pacific Tea Co. v. Gilley, 28 Ala.App. 360, 184 So. 286.

Under the pleadings, the evidence, when viewed with the requisite presumption in favor of the findings of the trial judge, is insufficient to warrant a recovery under the complaint.

The judgment as to appellant, Timmerman, is reversed and the cause remanded.

Reversed and remanded.