118 So.2d 724

Rex BALL

v.

NATIONAL LIFE AND ACCIDENT IN-SURANCE COMPANY OF NASH-VILLE, TENN.

5 Div. 718.

Supreme Court of Alabama.

Jan. 21, 1960.

Lee & Irby, Opelika, for petitioner.

Walker & Walker, Opelika, opposed.

LAWSON, Justice.

We granted writ of certiorari to review the opinion and judgment of the Court of Appeals in the case of Ball v. National

Life & Accident Insurance Company of Nashville, Tennessee, 118 So.2d 718.

The Court of Appeals affirmed the action of the trial court in giving the general affirmative charge with hypothesis in favor of the defendant, saying: "We are clearly of opinion the evidence established insured was suffering from a disease which materially increased the risk of loss when the policy was issued and that the court properly gave to the jury the general affirmative charge with hypothesis."

We are not here concerned with a ruling on a motion for new trial as to the weight of the evidence, but on the giving of an affirmative instruction in favor of the defendant.

The Court of Appeals held that there was no contradiction of the evidence of the physicians, which was to the effect that the insured was suffering from a disease which materially increased the risk of loss.

This conclusion was reached after summarizing the testimony of the plaintiff and of witnesses Jordan and Barber.

While the testimony of those witnesses was very meager when compared to the testimony of the physicians, we are of the opinion that it constituted a conflict with or contradiction of the physicians' testimony within the meaning of our cases. Vulcan Life & Accident Ins. Co. v. Standifer, 266 Ala. 246, 97 So.2d 568; Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755; National Life & Accident Ins. Co. v. Collins, 244 Ala. 182, 12 So. 2d 353; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723; Mutual Life Ins. Co. of New York v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A.L.R. 649.

The scintilla rule of evidence prevails in this state, and under this rule the conclusion has been reached that the evidence of plaintiff, Jordan and Barber, however slightly it may be considered as presenting any conflict with that of the physicians, yet was sufficient to present an issue of fact for the jury's determination, and that therefore the affirmative charge should have been refused the defendant.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

All the Justices concur.