193 So.2d 149

**BLUE CROSS–BLUE SHIELD OF ALABAMA**

v.

**Willie RAMSEY.**

**6 Div. 150.**

Court of Appeals of Alabama.

Dec. 13, 1966.

Jas. E. Simpson and Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Robt. H. Thomas, Fite, Thomas & Fite, Hamilton, for appellee.

PER CURIAM.

Appellee filed a suit seeking hospital and medical benefits under a contract with appellant. The cause was tried without a jury and on September 24, 1965, resulted in a judgment of $270.00 in favor of appellee, from which judgment appellant appeals.

■ Appellant only argues Assignment of Error No. 2, which is as follows:

"The trial court erred in entering judgment in favor of Willie Ramsey and against appellant."

This assignment of error puts in issue the sufficiency of the evidence. Timmerman v. Haynes, 41 Ala.App. 303, 130 So.2d 827.

The appellee claims hospital and doctor's benefits for a hospital visit to Brooks Hospital and Clinic in Hamilton, Alabama, from February 18–27, 1962. The evidence is undisputed that Brooks Hospital and Clinic was at the time of the hospital admittance a non-participating or non-member hospital as defined in the contract involved. Under the terms of the contract, benefits for hospital service in non-member or non-participating hospitals located in the State of Alabama shall be paid only in cases of accidental injury. Appellee's hospitalization in February, 1962, was not due to an accident but was from illness with influenza or pneumonia.

■ Appellee contends that appellant waived the condition of the contract which requires that benefits be furnished by a participating hospital except in case of accidental injury. Appellee's husband, Mr. James A. Ramsey, was admitted to the same hospital on October 25, 1960, for five days and appellant paid approximately three-fourths of Mr. Ramsey's bill incurred by the visit. The claim form for Mr. Ramsey states the "admitting diagnosis" to be "anaphylactic shock, followed by giant urticaria, asthmatic state and pneumonitis". Under the heading, "IF ACCIDENT OR INJURY PLEASE COMPLETE QUESTIONS BELOW: * * * Event causing injury", it states, "When taking morning dose of morphine sulph. for phantom leg pain of amputation, accidentally injected it into a vein, producing shock". Dr. J. O. Brooks was the attending physician for appellee and Mr. Ramsey. In regard to the admission of Mr. Ramsey, Dr. Brooks testified, in substance, as follows:

He was admitted for "an acute allergy". He had "large welts all over him" and was in "partial shock." "His pulse rate was very fast." "I would say he was very sick." The reason he was admitted into the hospital was "an allergy". When I wrote that the reason for whatever he was suffering from was caused by his "accidentally injecting" a needle into the lower part of his body. It was not my final diagnosis but was "done on admission" and it was put on there as history and was the only normal thing we knew of at that particular time, however, this patient has had an allergy since then. You can't definitely tell what an allergy is from unless you can produce the same thing again. "We assumed the allergy was from the injection at that time, but anything he was around * * * might cause an allergy. An allergy is something we can't tell exactly what starts it."

There was sufficient evidence to support a conclusion that Mr. Ramsey was admitted into the hospital in October 25, 1960, for causes other than those arising out of an accident.

■ The facts if considered most favorable to appellee do not come within the doctrine of waiver as stated in Protective Life Ins. Co. v. Cole, 230 Ala. 450, 161 So. 818:

"The substance of the doctrine of waiver as applied in the law of insurance is, that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability."

At the time the claim was paid for the expense incurred upon the hospitalization of Mr. Ramsey, Mrs. Ramsey had not yet incurred expenses for which she seeks recovery. Therefore, at the time of the alleged waiver there was no existing liability for the present claim.

■ Nor is the doctrine of equitable estoppel as stated in Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915, applicable:

"Several elements must be present before the courts will invoke an equitable estoppel. In 19 Am.Jur., Estoppel, § 34 equitable estoppel or estoppel in pais is defined as the principle of law 'by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed.'"

There was no evidence that the claim for Mr. Ramsey was erroneously paid with the intent or through culpable negligence to induce Mr. Ramsey or appellee to rely upon such payment. At that time it is not shown that appellant had been informed of Mr. Ramsey being merely allergic. The evidence does not impress us that the conduct of appellant could be considered as calculated to mislead and did mislead appellee.

This cause is due to be and the same is hereby

Reversed and remanded.