243 So.2d 723

**The CITY OF MOBILE, a Municipal Corporation, et al.**

v.

**Robert T. CUNNINGHAM and D. Richard Bounds.**

**1 Div. 8.**

Court of Civil Appeals of Alabama.

Feb. 3, 1971.

462

William H. Brigham, Mobile, for City of Mobile and Board of Adjustment; Benjamin H. Kilborn, Mobile, for intervening property owners.

Cunningham, Bounds & Byrd, Mobile, for appellees.

BRADLEY, Judge.

The appellees filed an application with the Board of Adjustment of the City of Mobile for a use variance to permit them to erect an office building on two lots previously zoned for residential purposes.

This application was denied, as had been two previous applications for such a variance. The first application was made March 21, 1966, and was denied by the Board. Said decision was appealed to the Circuit Court where a jury upheld the Board's decision.

Then, on November 16, 1966, less than a month after the jury had affirmed the Board's denial of the application for a variance, a new application was filed with the Board by the same parties on the same two parcels of property. This second application was denied by the Board on December 5, 1966. Another appeal ensued, with a non-suit being taken on June 2, 1967.

Then, on January 26, 1968, a third application was filed with the Board by the same parties on the same two parcels of property. The Board denied this application, and an appeal was again taken to the Circuit Court as authorized by statute.

A trial was held before the court and a jury on the notice of appeal, plea in abatement, plea of res judicata, and a plea of the general issue, with verdict being rendered granting the requested variance.

From the judgment granting the requested variance, appellants—the Board of Adjustment and interested property owners who had intervened below—appealed to this court by filing notice of appeal and the necessary security for costs.

■ Appellants make ten assignments of error, two of which—five and seven—were not argued and are deemed waived. Supreme Court Rule 9.

Assignments of error one and three are directed to the trial court's refusal to give the affirmative charge without hypothesis in favor of appellants; and assignments of error two and four are directed to the refusal of the trial court to grant the affirmative charge with hypothesis for appellants.

■ Although the effect of the affirmative charge without hypothesis is to take the issue from the jury and the affirmative charge with hypothesis leaves the issue with the jury, the distinction is inconsequential here for the reason that where there is a scintilla of evidence on both sides of a jury question, neither charge should be given as requested. Ball v. National Life & Acc. Ins. Co. of Nashville, Tenn., 270 Ala. 265, 118 So.2d 724. Also see The General Affirmative Charge with Hypothesis in Alabama, by J. Russell McElroy, Vol. 1, Ala. Law Review, p. 151 (Spring Ed.).

The tendencies of the evidence in this case show that the property, which is the subject of the application for a use variance, consists of two lots on Dauphin Street in the City of Mobile. These lots are presently zoned for residential purposes and have been so zoned for a number of years.

When the appellees purchased these two parcels of property in 1964 and 1965, there were houses on them which were quite old.

The houses were rented to tenants. The house known as the Zoghby house was rented to two tenants during the time that appellees owned it; and upon the exit of the last tenant, appellees were advised by their rental agent that it would cost between $5,000 and $7,000 to put the house in habitable condition. They were further advised that the property was not worth such an investment.

The appellees thereupon demolished the structure prior to the third application for a use variance.

The evidence showed that the area in the neighborhood of subject property was predominantly residential, zoned R–1, single family residences, but there were non-conforming uses in the vicinity such as a dentist's office, lawyer's office, apartments and a real estate office.

Prior to the granting of the variance in 1969, and subsequent to the jury's denial of the first application for a use variance, there had been variances granted for a doctor's office, a real estate office and apartments.

It was also shown that during this period of time, parking had been eliminated on Dauphin Street in the vicinity of subject property, and the four-laning of said street which had existed in front of subject property for some time had been extended to the I–10 interchange, and plans were in the making to extend Dauphin as a four-lane street beyond the interstate highway to McGregor Avenue.

The effect of the testimony was that the extension of Dauphin as a four-lane artery from downtown Mobile to its outer limits would substantially increase the traffic flow by subject property, making it less desirable as residential property.

There was testimony that the area around subject property was becoming less desirable as a residential neighborhood by pointing out that only one permit to build a house in that area had been issued in

the last six years, although there were several vacant lots in the area.

The zoning map for Mobile shows that Dauphin Street from Broad Street west to Ann is a B–1 district (buffer business district); from Ann west to Catherine Street is an R–3 district, with offices, where multiple family use and offices are permitted.

From Catherine Street (which is one block east of the subject property) westwardly to Fulton Street (about 13 or 14 blocks) Dauphin is zoned R–1 (single family residential).

In the area from Ann Street westward to Catherine Street, zoned R–3, there are business uses. Basically, however, these business uses consisted of non-conforming uses as well as some office variances. The record also shows that there are some home occupation uses in the area, such as doctor and lawyer offices. These home occupation uses, however, are allowed even within an R–1 district. In addition, the evidence shows that there are numerous businesses at the intersection of Ann and Dauphin. Again, however, this intersection is zoned for business. The evidence further shows that there are several non-conforming use apartments in the R–1 district near the subject property.

The evidence was in conflict as to whether the neighborhood in which the subject property is located was still suited for residential use. Most of the evidence showed, however, that the "highest and best use" of the property was for business offices. The evidence also tended to show that while the increased business use of surrounding property had generated more business use of like property, nevertheless such business use did not generally depreciate the market value of adjoining property.

Title 37, Section 781, Code of Alabama, 1940, as Recompiled 1958, and as amended, provides in pertinent part as follows:

" * * * The board of adjustment shall have the following powers: * * * To authorize upon appeal in specific

cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. * * *"

The trial court, in its oral charge to the jury, adequately explained this statute as the governing law in the case.

The trial court also rightly informed the jury that it sat as a board of adjustment for that the appeal in the Circuit Court is for a trial de novo, and our Supreme Court has held that the scope of inquiry on appeal is the same as before the board of adjustment. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244; and Southern Rock Products Co. v. Board of Zoning Adjustment of City of Trussville, 282 Ala. 186, 210 So.2d 419.

On appeal, the Circuit Court, and that includes a jury where one has been demanded, has the same authority to grant a use variance as did the board of adjustment.

Whether a variance should be granted, depends on the facts of each case. Arant v. Board of Adjustment of City of Montgomery, 271 Ala. 600, 126 So.2d 100.

The ascertainment of the facts is within the province of the jury where one is demanded, as was done in the case at bar.

The questions of "uniqueness of loss or injury" suffered by appellees, or whether the literal application of the zoning ordinance to appellees' property would constitute an "unnecessary hardship" are factual questions that present themselves to a jury, where one has been demanded.

The evidence presented to the jury on these questions was in conflict, and where there is a scintilla of evidence to support the complaint of plaintiff—or as here, one appealing to the Circuit Court from a decision of the board of adjustment—the defendant's request for the affirmative charges with and without hypothesis should be denied. Ball v. National Life & Acc. Ins. Co. of Nashville, Tenn., supra.

The record reflects sufficient evidence introduced in the Circuit Court by appellees here to bring them within the scintilla rule so far as the appellants' request for the affirmative charges with and without hypothesis are concerned.

The trial court committed no error in refusing these charges.

Assignment of error six questions the action of the trial court in refusing appellants' requested charge twelve, which was a request for the general affirmative charge without hypothesis on the plea of res judicata.

In support of this assignment of error, appellants contend that no "substantial change" occurred in the area where the subject property was located between the time the variance was denied by the jury on October 20, 1966 and the filing of the third application on January 26, 1968, and submit that the jury verdict on October 20, 1966 denying the requested variance is res judicata, and creates an estoppel by judgment so far as the application for a variance filed on January 26, 1968 is concerned.

Appellants admit that the question of whether the plea of res judicata would apply in use variance cases is one of first impression in Alabama, but insist that it should be sustained in the present case; for the reason that the doctrine of res judicata is broader than the mere determination of the questions involved in the prior action, but would encompass questions which, coming within the scope of the original action, could have been presented for decision by exercise of due diligence.

In support of their contention, appellants cite us to 58 Am.Jur., Zoning, Section 261, p. 1076 (pocket part), which provides as follows:

"A judgment denying a permit for the use of premises under zoning regulations

bars a subsequent application for the same purpose where the facts upon which the judgment was based are not susceptible of change. Where the facts upon which a judgment denying a permit for the use of premises under zoning regulations is based are subject to change, such judgment bars a subsequent application for the same purpose in the absence of a showing, in the proceedings upon the subsequent application, of a substantial change in circumstances. On the other hand, a judgment denying a permit for the use of premises under zoning regulations does not bar a subsequent application for the same purpose where a substantial change in circumstances has been shown upon the second application." See Annotation, 71 A.L.R.2d 1362, "Judgment Denying Permit for Use of Premises Under Zoning Regulations as Bar to Subsequent Application." Also see City of Jackson v. Holliday (1963) 246 Miss. 412, 149 So.2d 525; City of Miami Beach v. Parking Facilities, Inc., (Fla.App.) (1960), 120 So.2d 209; 2 Am. Jur.2d Administrative Law, Section 499; Whittle v. Board of Zoning Appeals (1956), 211 Md. 36, 125 A.2d 41, 71 A.L.R. 2d 1353.

In the case of Whittle v. Board of Zoning Appeals, 211 Md. 36, 125 A.2d 41, 71 A.L.R. 2d 1353, one of the cases cited in the Am. Jur. note, supra, the Maryland Court of Appeals, in deciding whether or not the doctrine of res judicata would apply in a use variance situation, said:

" * * * It is our view that where the facts are subject to changes which might reasonably lead to an opposite result from that arrived at in an earlier case, and if there has been substantial changes in facts and circumstances between the first case and the second, the doctrine of res judicata would not prevent the granting of the special permit sought by the appellees. * * *

* * * * * *

" * * * If the second suit is between the same parties and is upon the same cause of action, a judgment in the earlier case on the merits is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated. The first rezoning case was litigated and all the information which could have been produced should have been produced and the second case cannot be decided on testimony which might have been introduced in the first case.

"Because essentially the same facts appeared in the second case as appeared or as could have been shown in the first case, the appellees are barred by res judicata, and their petition should have been denied. * * * *"

In the case of City of Miami Beach v. Prevatt, Fla., 97 So.2d 473, the Florida Supreme Court, in deciding whether the doctrine of res judicata would apply in a zoning case, held that it would not, because the record revealed a change in conditions between the decision in the prior cases and the applications filed in the present case, and therefore the doctrine would not be applicable.

The Florida Supreme Court did not use the term "substantial change in conditions and circumstances," as was used by the Maryland Supreme Court in *Whittle*, supra, but held where there was a "change in conditions," the plea of res judicata would not be sustained.

A few years later, in the case of City of Miami Beach v. Parking Facilities, Inc., Fla.App., 120 So.2d 209, the Florida District Court of Appeal, in a zoning case where the applicability of the res judicata doctrine was being questioned, held that the doctrine was applicable because the "changes in circumstances were unsubstantial and insufficient" to support a new application.

Then, in the case of City of Jackson v. Holliday, 246 Miss. 412, 149 So.2d 525, the Mississippi Supreme Court, in a zoning case

where the applicability of the res judicata doctrine had been questioned, said:

"A judgment bars a subsequent application for the same purpose where the facts upon which it is based are not changed and the conditions are substantially similar. Here similarity exists. We do not have a case where there are changed circumstances and new facts which did not exist at the time of the prior judgment."

Appellees have admonished us to be very careful in extending the doctrine of res judicata to zoning matters because of the change that is continually occurring in urban properties due to such factors as deterioration of the buildings, changes in traffic flow, and movement of residents.

We agree that we should be cautious in applying the res judicata doctrine to use variance cases, but, even though Alabama has not done so, other states have applied the doctrine wherever it was warranted, and we do not see any obstacle to its application in use variance cases in Alabama, so long as the facts of the case come within the purview of the doctrine.

The doctrine of res judicata has been applied by the courts of Alabama in many cases, and in the process the Alabama Supreme Court has fashioned tests which the facts of each case must pass in order for the doctrine to be applicable, and they are lucidly promulgated in the case of Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576, wherein it is said:

"The rule of res judicata applies in those cases where the suits are the same, the identical point is directly in issue, and judgment has been rendered in the first suit on that point. [Citations omitted.] Where the issues in the first suit were broad enough to comprehend all that was involved in the issues of the second suit, the test is not what the parties actually litigated, but what they might or ought to have litigated. [Citations omitted.]"

It is without dispute that the parties were the same in the various appearances before the Board and Court in Mobile, and that the property was the same and the issue was the same, i. e., a use variance was sought to permit the property in question to be used as a site for an office building rather than a site for residential purposes.

The question that must be answered here is whether there has been a change of conditions or circumstances between the time of the first jury verdict and the last application for a variance, and whether these facts were known or could have been known at the trial of the first application for a variance or whether they are new facts that have arisen since that first trial.

In keeping with the rule of res judicata as it is applied in Alabama, we think it would be necessary for the proponent of the plea to prove that the parties were the same, the issues were the same, and the subject matter was the same. Furthermore, the conditions and circumstances of the area in question could not have changed, and there could be no new facts which did not exist prior to the first judgment.

Which brings us to the question of whether there are new facts in this record which arose after the October 1966 judgment, and which could not have been known prior to the October 1966 judgment, which tend to show changed conditions and circumstances in the area of the property now the subject of the application for a use variance.

In arriving at a decision on this question, we must also consider the Alabama scintilla rule, because the assignment of error questioning the ruling of the court in this aspect of the case is directed to the trial court's refusal to grant the affirmative charge without hypothesis to the plea of res judicata.

It is said in civil cases, that the question must go to the jury if the evidence or reasonable inferences arising therefrom

furnish a mere gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla, in support of the theory of the affirmative or defensive pleading. Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447; Payne v. Jones, 284 Ala. 196, 224 So.2d 230.

The evidence introduced at the trial of this case on the question of "changed conditions or circumstances" shows the following facts:

1. A use variance was granted by the Board of Adjustment on August 7, 1967 for a doctor's office on Dauphin Street just west of Blacklawn. This was in the area of the subject application and occurred after the first judgment denying the use variance.

2. A use variance was granted December 5, 1966 for apartments on Dauphin Street just west of Monterey, also in the area of subject property.

3. A variance was granted on February 8, 1968 for a real estate office on Dauphin just east of Semmes Avenue, also in the area of subject property.

4. Parking has been eliminated on Dauphin Street in area of subject property since first judgment.

5. Dauphin Street west of subject property has been four-laned to I-10 interchange.

6. Testimony was to effect that traffic had substantially increased on Dauphin Street in vicinity of subject property, due to four-laning and extension to I-10 interchange since last judgment.

7. A large church was torn down after the last judgment and the property is vacant.

We consider the evidence sufficient under the scintilla rule to have warranted the submission of the plea of res judicata to the jury.

The trial court correctly refused the request for the affirmative charge without hypothesis directed to the plea of res judicata.

In assignments of error eight, nine and ten, appellants question the verdict of the jury and the judgment entered thereon, on the grounds that it is against the great preponderance of the evidence, against the preponderance of the evidence, and against the great weight of the evidence.

The cases in this jurisdiction are to the effect that in the absence of a motion for a new trial—and there was none in the case at bar—the sufficiency of the evidence is examined by the appellant court only where there is a non-jury trial. Blue Cross-Blue Shield of Ala. v. Ramsey, 43 Ala.App. 496, 193 So.2d 149.

It was also decided in Mobile Light & R. Co. v. Phillips, 24 Ala.App. 318, 135 So. 424, that in the absence of a motion for a new trial, the appellate court would not pass on the weight and sufficiency of the evidence to support the verdict returned by the jury.

And, in Franklin County Exchange, Inc. v. Shores, 37 Ala.App. 73, 63 So.2d 732, the court decided:

"On an appeal from a jury's verdict and judgment entered pursuant thereto the weight of the evidence, in the absence of a motion for a new trial, will not be considered."

In the case at bar there was no motion filed in the trial court asking for a new trial; therefore, this court is precluded from reviewing the weight and sufficiency of the evidence to support the jury's verdict. Hence, assignments of error eight, nine and ten are not before us for review.

There being no reversible error apparent from the record and briefs in this case, it is affirmed.

Affirmed.