Riverbend Partnership appeals from the final determination in a declaratory judgment action in which Riverbend sought to have a City of Mobile zoning ordinance declared invalid because it conflicted with the State statute authorizing zoning boards of adjustment. The Circuit Court of Mobile County held that the Mobile ordinance was constitutional and not in derogation of the State statute. We disagree and reverse.
The case arose from these facts:
Appellant Riverbend owns an 8.26-acre parcel of land within the corporate limits of Mobile. The property is zoned by the city for single-family residences only. Riverbend desires to build an apartment development on the land, which would require either a multi-family classification, or a variance allowing multi-family dwellings in spite of the existing zoning classification.
Riverbend initially filed an application for an amendment to the Mobile zoning ordinance in September of 1980. The Planning Commission recommended to the Board of Commissioners that the request be denied. The Commissioners subsequently took no action at all on the request, and, after 30 days, the application was denied by operation of law.
In December of 1980, Riverbend filed an application for a variance with the Board of Adjustment of Mobile. A variance would allow multi-family dwellings, while maintaining the original single-family zoning classification. The Board of Adjustment, however, denied Riverbend's request for a variance in May of 1981.
Riverbend appealed the action of the Board of Adjustment by seeking a trial de *Page 372 novo in circuit court pursuant to § 11-52-81, Code of Alabama 1975. In that appeal, the City of Mobile set forth as an affirmative defense the fact that under Mobile's zoning ordinance, the Board of Adjustment was not authorized to grant a variance to Riverbend.
Riverbend sought to challenge the validity of that zoning ordinance. Since the circuit court, in a de novo appeal, in effect sits as a Board of Adjustment, however, that court could not construe the validity of the ordinance authorizing the Mobile Board of Adjustment. Thus, Riverbend had to file a separate declaratory judgment action in order to challenge the constitutionality of the Mobile ordinance. In that second suit, the Circuit Court of Mobile County upheld the validity of the ordinance, and this appeal followed. The original trial de novo
is still pending in circuit court, awaiting a determination of this matter. We need not discuss whether Riverbend is entitled to a variance in this case. The only issue to be decided is whether Mobile's Ordinance 80-057, § 9, takes away the power of the Board of Adjustment in derogation of § 11-52-80, Code of Alabama 1975.
Mobile's zoning ordinance recognizes that changes in zoning classifications may be necessary at times due to such things as changes in land conditions, industrial growth, and urban subdivision. Section 9 of the zoning ordinance authorizes amendments to the ordinance to allow such changes. Formerly, there were minimum acreage requirements for getting a tract of land rezoned for multi-family dwellings from an original single-family dwelling classification. The ordinance originally read as follows:
 2. LIMITATIONS ON PROPOSED AMENDMENTS. All proposed amendments to this ordinance shall be subject to the following limitations:
 a. Minimum Sizes for New Districts. No amendment changing the classification of an area shall be adopted unless the area meets the following requirements as to minimum size:
 (1) R-2, R-3 [multi-family dwellings], R-B, B-3, B-4, I-1-and I-2 Districts. A proposed new R-2, R-3 [multi-family dwellings], R-B, B-3, B-4, I-1 or I-2 District shall contain at least four acres of gross area.
Mobile, Ala., Ordinance 80-057, § 8 (1967). Therefore, under the original unamended Mobile ordinance, an applicant such as Riverbend who sought a zoning reclassification from single-family dwelling status to multi-family dwelling status, had to have a tract of land of at least four acres. If the land did not measure four acres, a zoning change was not possible. The applicant had an alternative, however, in that he or she could seek a zoning variance from the Board of Adjustment.
Section 11-52-80, Code of Alabama 1975, authorizes municipalities to provide such a "board of adjustment," which
 shall in appropriate cases and subject to appropriate conditions and safeguards make special exceptions to the terms of the ordinance in harmony with its general purposes and interests and in accordance with general or specific rules [in the regulations and restrictions adopted pursuant to the authority of the statute].
§ 11-52-80 (a), Code of Alabama 1975. The board of adjustment is given specific powers in the statute:
 (d) The board of adjustment shall have the following powers:
 (1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
 (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
 (3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to *Page 373 
special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.
§ 11-52-80, Code of Alabama 1975. (Emphasis added.) Thus, if a landowner was prohibited by a zoning classification from desired construction or other land use, and if an application for rezoning had been denied by the city planning commission, the applicant could nevertheless seek relief by means of a variance from the board of adjustment. Unlike a zoning amendment, which in the case at hand would reclassify the tract of land for multi-family dwelling use, a variance would allow multi-family dwellings without rezoning. In effect, the variance excuses the land owner from the operation of the zoning ordinance.
Mobile has instituted such a board of adjustment. The ordinance which sets up the Mobile Board traces the language of the State enabling statute, but with some major additional language. The ordinance delineates the Board's power to grant variances as follows:
 4. Variances. To authorize, upon appeal in specific cases, such variance from the terms of this ordinance as will not be contrary to the public interest where, owing to exceptional circumstances, literal enforcement of the provisions of this ordinance will result in unnecessary hardship. Variances shall be subject to such conditions and terms as may be fixed by the Board. No variance shall be authorized:
 (a) Where the area of the property, the variance for which is sought, is sufficient to authorize the creation of a new district under the amendment procedures of this ordinance for the applicable use; [emphasis added].
Mobile, Ala., Ordinance 80-057, § 9 (1967). Mobile has thus created the Board of Adjustment, but has severely limited its power to grant variances. The ordinance clearly states that no variance can be granted by the Board if the tract of land in issue is large enough to be rezoned under the zoning amendment procedure aforementioned.
Thus, under the original rezoning procedure discussed supra, an applicant seeking a change from a single-family to a multi-family dwelling classification could seek only a variance and not a zoning amendment if the land in issue was less than four acres in size. On the other hand, if the land comprised four or more acres, the applicant could not seek a variance, but could only apply for a zoning change. By the language of the city ordinance addressing variances, the latter applicant could apparently not seek a variance even after being denied a rezoning request. This takes away the ability of the Board of Adjustment to act as an appeal board for Planning Commission denials. This anomalous result is contrary to the purpose of the State statute authorizing boards of adjustment.
Furthermore, in 1980, Mobile's zoning ordinance was amended in regard to minimum acreage requirements for rezoning. This change causes further confusion. The rezoning or amendment provision, § 8 cited above, now reads as follows:
 2. Sizes of New Districts. There are no minimum sizes for new districts created by amendment of this ordinance; provided, however, that the minimum sizes set out below shall serve as general guides. New districts of smaller size may be created where unusual conditions or circumstances justify them in the opinion of the Commission. [Emphasis added.]
 a. R-2, R-3 [multi-family dwellings], R-B, B-3, B-4, H-B, I-1 and I-2 Districts. A proposed new R-2, R-3 [multi-family dwellings], R-B, B-3, B-4, H-B, I-1, or I-2 District should contain at least four acres of gross area;
Mobile, Ala., Ordinance 80-057, § 8 (1967). Under this revised provision, there is no longer a minimum acreage requirement on a tract of land for an applicant to seek a zoning change from single-family dwelling to multi-family dwelling. Whereas before, *Page 374 
an applicant with a 3.9-acre tract of land seeking such a change could not ask the Planning Commission for a zoning amendment because a four-acre minimum was imposed, now such an applicant can seek a rezoning of the tract. The applicant does not need to go to the Board of Adjustment for a variance, because the Planning Commission will now review the request itself. The City, in effect, is saying that if multi-family housing is to be allowed in a case like this, the Planning Commission should grant a zoning amendment rather than allow the Board of Adjustment to "zone by variance."
The change in Mobile's ordinance doing away with minimum acreage requirements, however, has totally abrogated the Board of Adjustment's power to grant variances. While the new provision makes it possible to rezone a tract of land of any size, it did not change the language of § 9, cited above. Therefore, it remains that a variance cannot be granted if the size of the tract of land in issue is large enough to form a new district under the amendment procedures of the ordinance. Since there is no longer a size requirement for rezoning (creating a new district), it follows that under the language of the ordinance, a variance can never be granted.
Mobile argues that its ordinance does not strip the Board of Adjustment of the power to grant variances. The City contends that while the ordinance insures that the Planning Commission now receives all rezoning requests first, if an application is denied, applicants can still appeal to the Board of Adjustment for a variance. The City states, and Riverbend in fact acknowledges, that such variances are presently granted by the Board. Notwithstanding the language of the zoning ordinance, the City grants variances as if the Board of Adjustment had the powers enumerated in the State statute.
There is a problem which arises with this approach to the ordinance. While the Board of Adjustment sometimes will grant a requested variance, it will just as easily deny a requested variance if it deems that to be the proper action. If the applicant then appeals the denial to the circuit court, the City will defend by claiming that under the ordinance, the Board of Adjustment has no authority to grant a variance. In the instant case, Mobile used this argument as support for its motion to dismiss. The City in essence interprets the ordinance to allow Board of Adjustment variances when that is to the City's advantage, and then claims the ordinance does not allow variances when that position is to its benefit. The City apparently seeks unfettered discretion in granting zoning amendments and variances.
Mobile has instituted a Board of Adjustment pursuant to §11-52-80, Code of Alabama 1975, and must operate the Board in accordance with that statute. In one case, this Court stated the following:
 Since the board of adjustment is provided for in the ordinance, its powers stem directly from the statute and may not be circumscribed, altered or extended by the municipal governing body.
Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). Mobile's zoning ordinance purports to set up a Board of Adjustment, but the language authorizing the Board, construed together with the rezoning procedure language, denies the Board of Adjustment its most important power: the ability to grant variances. The language of the ordinance on its face circumscribes the State statute, and even if Mobile interprets the ordinance to allow variances anyway, this interpretation is discretionary and subject to uneven and unequal application, as discussed above.
When a municipal ordinance contravenes a state statute, the ordinance is invalid. Hall v. City of Tuscaloosa,421 So.2d 1244 (Ala. 1982). Section 9 of Mobile's zoning ordinance is void because it contravenes and alters the intended purpose of § 11-52-80, Code of Alabama 1975. While the City is not bound to any particular course of action in remedying the ordinance, the simplest solution would be the elimination of any language which precludes *Page 375 
the granting of a variance when amendment procedures are applicable.
Based upon the foregoing, the judgment of the trial court is due to be, and the same hereby is, reversed, and the cause remanded.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, C.J., and JONES and BEATTY, JJ., not sitting.