This is an appeal from an order granting the landowner, H.V. Lindquist, a special exception to a zoning ordinance, subject to a condition.
Lindquist applied to the Board of Adjustment of Jefferson County for a special exception to the county zoning ordinance to allow him to operate an export business as a home occupation in the basement of his residence. His home is located in an R-1 (residential) zoning district. As part of the application, Lindquist requested that he be allowed to employ in the business three persons that were not members of his residential family. The Board of Adjustment denied the application.
Lindquist appealed the action of the board of adjustment by seeking a trial de novo in the Circuit Court of Jefferson County pursuant to 1947 Ala. Acts 344. As part of its appeal, Lindquist sought to challenge the constitutionality of the Jefferson County Zoning Regulations. The circuit court, in a de novo appeal, in effect, sits as a board of adjustment. The court could not decide the validity of the regulations in the same action in which the Board's decision was being challenged.See Riverbend Partnership v. City of Mobile, 457 So.2d 371
(Ala. 1984). Thus, Lindquist filed a separate action challenging the constitutionality of the zoning regulations. That action remains pending in the circuit court. We are not now concerned with these constitutional issues.
After trial, without a jury, the circuit court issued an order allowing Lindquist a special exception so that he could operate his business in his residence; but specified that this business must comply with Article 14 of the Jefferson County Zoning Resolution. Section 1401.5 of this regulation provides that "there shall be no employment of help other than members of the residential family." Lindquist's motion for a new trial on this issue was denied. This appeal followed.
Lindquist argues that the restriction of employees should be reversed because the trial court incorrectly based its decision upon his failure to show any "unnecessary hardship" to his property as a result of this restriction. He argues that one need not show "unnecessary hardship" in order to obtain a special exception to a zoning regulation.
While we accept that, generally, one need not show unnecessary hardship to obtain a special exception, see 101A C.J.S. Zoning and Land Planning § 230 (1979), we fail to see how this argument in any way benefits the appellant's cause. It appears that his argument is based upon both a misinterpretation of the trial court's order as well as confusion as to the difference between a "special exception" and a "variance." This confusion is understandable, as our review of the law indicates that the terms have been frequently used incorrectly, at times almost indiscriminately, as if they were synonymous with each other. See generally id.
Generally a variance is a relief granted from the literal import and strict application of zoning regulations, thereby allowing property to be used in a manner otherwise forbidden by the terms of the regulations. See generally 101A C.J.S. Zoningand Land Planning § 229 (1979) [hereinafter cited as 101A C.J.S.]; 82 Am.Jur.2d Zoning and Planning § 255 (1976) [hereinafter cited as 82 Am.Jur.2d]. On the other hand a special exception denotes a species of administrative permission which allows a property owner to use his property in a manner which the regulations expressly permit under conditions specified in the zoning regulations themselves. Seegenerally 101A C.J.S. § 229; 82 Am.Jur.2d *Page 18 
§ 255. Thus, a special exception is not truly an exception to the zoning regulations at all. See 101A C.J.S. 229; 82 Am.Jur.2d § 255.
Distinguishing between the two mechanisms can be very important, as it is well established that a special exception may not be used as a substitute for a variance in order to avoid the consequent burden of proving unnecessary hardship. 101A C.J.S. § 230.
Under the enabling legislation in the present case, the board of adjustment is given the power, among other things, both to grant special exceptions and to issue variances. 1947 Ala. Acts 344, § 8.
It is clear from reading the trial court's decision that it did not apply the unnecessary hardship burden to the issuance of the special exception. It was merely recognizing that Lindquist could not have met such a burden on the facts of this case. Lindquist does not dispute that he failed to show unnecessary hardship in this case. Thus, the only avenue of relief open to Lindquist was a special exception. This the court granted him. The board of adjustment does not contest the issuance of this special exception.
It is said that a board of adjustment has the power, even without express authorization, to attach conditions, as long as they are not unreasonable, arbitrary or oppressive, to a grant of a special exception. See, e.g., 3 R. Anderson, American Lawof Zoning 2d § 19.29 (1977); 101A C.J.S. § 238; Annot., 168 A.L.R. 13, 60 (1947). However, we have found no authorities which would allow a board of adjustment the discretion, without express authorization, to ignore the terms of the zoning regulations under which it operates. Indeed, the authorities are to the contrary. See generally 101A C.J.S. § 229; 82 Am.Jur.2d § 255.
Act 344 gives the board the express power to grant special exceptions "subject to appropriate conditions." However, the Act also requires that these special exceptions be "in harmony with the general purposes and intent of the ordinance and inaccordance with general or specific rules in such resolution."
(Emphasis added.) Article 14 of the Jefferson County Zoning Resolution specifically provides:
 "The following regulations shall apply to the conduct of a home occupation. . . .
". . .
 "1401.5 Employment Limitations. Employment shall be limited to members of the family residing in the dwelling, and there shall be no employment of help other than members of the residential family."
(Emphasis added.)
This regulation is not susceptible to an interpretation that would allow a board any discretion as to when this employment limitation should apply. Thus the trial court, sitting as the board, could not allow, without a showing of unnecessary hardship, any variance from the terms of this resolution. Lindquist has made no argument that this resolution in any way contravenes or alters the intended purpose of Act 344. SeeRiverbend Partnership, supra.
We are of the opinion that the decision of the trial court should be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.