L. CHARLES WRIGHT, Retired Appellate Judge.
The City of Fairhope’s Board of Adjustment and Appeals granted a special exception to a landowner. Surrounding landowners filed an appeal in the circuit court for trial de novo. The circuit court granted the board’s motion for summary judgment and this appeal followed.
The property at issue was owned by Bessie Wahl, but Wahl received an offer to purchase the property from the First Baptist Church of Fairhope, contingent upon obtaining permission from the board to construct and maintain a parking facility for use by the members of the church.
The property is located across the street in the next block north of the location of the church building. The property is zoned “R-2 Medium Density Single-Family Residential District,” there are other churches located nearby, and, with one exception, all other churches in Fairhope are located in an R-2 district.
Wahl made application to the board for a special exception to the zoning ordinance of Fairhope to allow the use of the property as a parking facility. The application stated: “request for parking lot, accessory to church use.... ” After once tabling the request and then over the objections of a number of landowners, the board granted the request. In the summarized minutes of the board meeting, denominated as “Case No. 419 First Baptist Church Request for Special Exception Use ...,” the board held a discussion on the proposal and then moved “to grant [the] variance as *1352 requested.” (Emphasis added.) The board vote granting the request was unanimous.
However, the formal written “Decision of Board of Appeal” states that “[i]n accordance with section 8.462 the [bjoard reviewed the request for [a] special exception under the terms of section 5.12 of the Zoning Ordinance. The request is granted.” (Emphasis added.) Thereafter it appears that the church exercised its option and purchased the property from Wahl.
The appellants herein are owners of property (owners) located adjacent to and in the general vicinity surrounding the property at issue. They appealed the decision of the board to the circuit court pursuant to § 11-52-81, Code 1975 (1985 Repl. VoL). The board filed a motion for summary judgment with supporting affidavits, which was granted.
The issue is whether the trial court erred in its interpretation of the zoning ordinance of the City of Fairhope.
An appeal from a board of adjustment decision is to the circuit court for a trial de novo under § 11-52-81 and the scope of the inquiry must be the same as that before the board. The circuit court is without jurisdiction to try and decide issues not raised before the board. Board of Zoning Adjustment v. Warren, 366 So.2d 1125 (Ala.1979); City of Mobile v. Cunningham, 46 Ala.App. 461, 243 So.2d 723 (Ala.Civ.App.1971).
There is some prima facie inconsistency between the relief sought before the board and the relief granted. While the minutes of the board meeting indicate a “variance” was granted, the application filed by Wahl, a letter from the Fairhope zoning officer directed to the board, the title of the minutes held before the board, and the formal “Decision of Board of Appeal” consistently show a “special exception” was granted. The distinction between a “special exception” and a “variance” is critical because they do not encompass the same relief and the burden upon the applicant is extremely different. See, Lindquist v. Jefferson County Board of Adjustment, 490 So.2d 16 (Ala.Civ.App.1986).
A variance is relief granted from the literal import and strict application of zoning laws, which allows a use otherwise forbidden, by the terms of the zoning laws. A special exception is relief allowing a use which the zoning laws expressly permit under conditions specified in the zoning laws themselves. Lindquist, 490 So.2d 16.
“[A] special exception may not be used as a substitute for a variance in order to avoid the consequent burden of proving unnecessary hardship.” Lindquist, 490 So.2d at 18.
Sections 5.1 through 5.61 of the zoning ordinance of Fairhope establish the “limitations and requirements” that are placed upon the uses in each district. The districts are divided generally according to intensity of the land use, i.e. residential, business, and industrial. Section 5.11 designates the “uses permitted in all residential districts,” e.g. home occupations, accessory structures, gardens, playgrounds, etc. Section 5.12 specifies the “uses permitted on appeal” in all residential districts, e.g. public utilities, hospitals, semi-public buildings, churches, clubs, etc. These “uses permitted on appeal” require specific application to, and approval by, the board before the specified uses may be placed in a residential district. Section 5.13 designates the “uses prohibited” in all residential districts: “any use involving business or commercial activity.” Additionally, section 5.13 states “[ojther uses not specifically permitted or for which special exception appeals have not been rendered are hereby specifically prohibited.” (Emphasis supplied.) Thus, the general residential use district does not allow or provide for the use of land located in a residential district as a parking facility. In fact, under section 5.13, since a parking facility is not expressly permitted, it is “hereby specifically prohibited” by the zoning ordinance.
Wahl’s application for a special exception to the zoning ordinance specifically requested permission to construct and maintain a “parking lot, accessory to church use." (Emphasis supplied.) Thus, even though a parking facility is not a use expressly permitted by the zoning ordinance, we must determine if it could be an “accessory use” within a residential district.
*1353 Section 2.2.001 defines “Accessory Use or Structure” as “[a] use or structure on the same lot with, and of a nature customarily incidental and subordinate to, the principal use or structure.” (Emphasis supplied.)
It is uncontested that the property at issue is located across the street and on the next block north of the church itself. Therefore, since the proposed use, a parking facility, is not “on the same lot ... with the principal use or structure” as required under the zoning ordinance, we find that the use is not a permitted use.
The construction of a zoning ordinance is a question of law and general rules of construction of statutes apply. Civitans Care, Inc. v. Board of Adjustment, 437 So.2d 540 (Ala.Civ.App.1983); 101A C.J.S. Zoning and Land Planning § 229 (1979). Ordinances which place restrictions upon the use of private property are to be strictly construed. Smith v. City of Mobile, 374 So.2d 305 (Ala.1979).
The mechanism of a “special exception” can apply only to uses which are “expressly permitted” by the zoning ordinance. Lindquist, 490 So.2d 16. We hold that the circuit court erred by granting summary judgment, which in essence affirmed the decision of the board granting a special exception. The land use involved, a parking facility, in a residential district in Fair-hope is a forbidden use under the present ordinance, and as such would require the granting of a variance.
This cause is reversed and remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion.is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.