L. CHARLES WRIGHT, Retired Appellate Judge.
The Board of Zoning Adjustment for the City of Brewton granted a special exception to Union Bank. Surrounding landowners filed an appeal with the Circuit Court of Escambia County for a trial de novo. The circuit court granted the landowners’ motion for summary judgment. Union Bank appeals.
Union Bank purchased an undeveloped, vacant lot located on Evergreen Avenue in Brewton. At the time of purchase, the lot was zoned R-A Residential. The lot was purchased with the intent of developing a driveway to connect the Bank’s commercial property with a nearby residential street and to provide an additional entry and exit to the bank’s property. Union Bank applied to the Board for a special exception, which was granted. The Board’s action in granting the *494 special exception is the subject matter of this appeal.
There is some dispute over whether the permit granted by the Board was issued pursuant to the “special exceptions” section of the zoning ordinance or pursuant to the “uses not provided for” section. Both the written request and the written decision refer to the permit as a “special exception.” It appears from all the evidence that a “special exception” was granted. Furthermore, for reasons to be seen infra, we find that the “uses not provided for” section has no application to the facts of this case. The determinative issue on appeal, therefore, is whether the commercial driveway in question could be authorized pursuant to a special exception.
The lot in question is zoned as R-A Residential. An R-A Residential district is described by the Brewton Zoning Ordinance as follows: “This district is provided to afford opportunity for choice of low and medium density suburban residential environment consisting of single family homes.”
Section 4.21 of the ordinance sets forth the specific limitations and uses pertinent to the R-A districts. It provides that the following uses are deemed to be “Uses Permitted: Single-family dwellings and those uses permitted or permitted on appeal in Section 4.1.”
Section 4.11 of the ordinance delineates the “Uses Permitted” pertinent to all residential districts. That section provides the following:
“Accessory structures, gardens, playgrounds, parks, public buildings, including schools, churches, and libraries; agriculture or farming, including horticulture. Plant nurseries and market gardening; subject to approval by the Planning Commission.”
Section 4.12 defines the “Uses Permitted on Appeal” within residential districts to be as follows:
“Home occupations; public utilities; general hospitals for humans; semi-public buildings and uses including private schools; convalescent or nursing homes and extended care facilities; clubs, including country clubs; golf, swimming or tennis clubs; privately-owned clubs or associations and similar uses of a recreational nature; cemeteries; kindergartens, playschools and day care centers, public or private, provided that all activities are carried on in an enclosed building or fenced in yard and that all applicable federal, state and local requirements are met.”
Section 4.13 of the ordinance indicates all of the uses that are prohibited within residential districts. Those uses are as follows: “No livestock will be permitted in a residential zone, nor will any use be permitted that is not specifically permitted or permitted on appeal.”
A special exception is relief allowing a use which the zoning laws expressly permit under conditions specified in the zoning, laws themselves. Maumenee v. Fairhope Board of Adjustment & Appeals, 567 So.2d 1351 (Ala.Civ.App.1989). Neither sections 4.11, 4.12 nor 4.21 of the ordinance contain any provisions that would directly, or indirectly, allow the use of a residential lot as a servient estate for the benefit of adjoining commercial property. Accordingly, pursuant to section 4.13, • the commercial driveway at issue is unlawful. The use of residential property as a commercial driveway is a forbidden use within the confines of the zoning ordinance. Such use, therefore, may not be authorized by special exception.
Union Bank’s argument that the permit was properly granted pursuant to section 6.364 of the ordinance is flawed. That section provides the following:
“Uses Not Provided For: Whenever, in any District established under this Ordinance, a use is neither specifically permitted or denied and an application is made by a property owner or the Zoning Officer for such use, the Zoning Officer shall refer the application to the Board of Adjustment which shall have the authority to permit the use or deny the use. the use may be permitted if it is similar to and compatible with permitted uses in the district and in no way is in conflict with the general purpose and intent of this Ordinance.”
Section 6.364 does not apply to the facts of this case because that section applies only to *495 circumstances wherein a requested use is neither specifically permitted nor specifically denied. The use of residential property as a commercial driveway is not provided for under sections 4.11, 4.12, or 4.21; the use is therefore specifically prohibited pursuant to section 4.13. Furthermore, the requested use is not similar to, or compatible with, permitted uses in a residential district, and the requested use would conflict with the general purposes and intent of the zoning ordinance.
We find the recent supreme court decision in Ex parte Steadham, 629 So.2d 647 (Ala. 1993), to be dispositive of Union Bank’s assertion that the landowners did not have standing to challenge the Board’s decision.
The judgment of the circuit court in granting the landowners’ motion for summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.