YATES, Judge.
On September 15,1992, Charles and Brenda McKay purchased a parcel of land in Vernon, Alabama, on which they planned to relocate their truck repair shop and to build a grocery store. At the time of the purchase, the property was zoned for residential use. The McKays petitioned the Board of Adjustment of the City of Vernon for a variance in the zoning of the property from residential use (R-l) to general commercial use (B-2). On August 19,1993, after a hearing, the Board granted the variance.
On August 26, 1993, Cecil H. Strawbridge, Autense R. Strawbridge, Ronald H. Straw-bridge, and Pearl J. Strawbridge (hereinafter “the Strawbridges”) appealed the Board’s decision to the circuit court for a trial de novo. The McKays moved to dismiss the appeal, stating that the Strawbridges “did not have sufficient interest” to file the appeal. The Strawbridges responded, arguing that they were aggrieved parties and had standing to challenge the Board’s decision.
On November 5, 1993, the Strawbridges moved to dismiss the McKays’ application to the Board for a variance, claiming that the McKays were actually attempting to rezone rather than to obtain a variance and that the McKays had not alleged an “unnecessary hardship,” which is required to obtain a variance. On that same day, the Strawbridges sought an order reversing the Board’s order granting the variance, and dismissing the McKays’ application. On April 30, 1994, the trial court vacated the order of the Board and dismissed the case.
The McKays appeal, contending that the trial court dismissed their case because of a defect in their petition. They argue that instead of dismissing their case because of a defect, the circuit court should have allowed them to amend so as to cure any defect. However, the trial court did not dismiss the case because of a defect in the petition, but rather for other reasons. We agree with the trial court that any argument concerning a defect in the petition is premature and moot.
In reaching its conclusion, the trial court made the following findings of fact:
*846 “1. On March 11, 1993, the Mayor of Vernon wrote ... Charles McKay a letter stating that [someone had] brought to the attention of the Planning Board [that the McKays might be planning to develop] a commercial site in an R-l Zone, and stated that, if so, ‘it would be a good idea for you [Charles McKay] to make contact with the Planning Board.’
“2. On June 28, 1993, the Hon. Jesse W. Shotts, attorney for [the McKays], wrote the mayor of Vernon and enclosed an application on behalf of the [McKays] to ‘rezone’ the tract of land.
“3. The application included with the letter of June 28, 1993, was directed to the Zoning Advisory Committee and requested a favorable recommendation to the Vernon City Council to ‘change zoning district boundaries, from R-l Zone to Commercial.’ There is no record or evidence of any administrative board and/or officer.
“4. There is an undated ‘Application to the Board of Adjustment’ (Application for Variance in R-l Zone to Allow B-2 Zone). The language of this application is exactly the same as the application to the Zoning Advisory Committee requesting a favorable recommendation by the Board of Adjustment to the City Council for a ‘zoning change,’ not a variance.”
The Board of Adjustment is limited to the authority set out in § ll-52-80(d), Ala. Code 1975. Specifically, those powers are:
“(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
“(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
“(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.”
Section 11-52-80 does not allow the Board the power or jurisdiction to rezone property. See also, Beaird v. City of Hokes Bluff, 595 So.2d 903 (Ala.Civ.App.1992).
We agree with the trial court that the McKays had no decision from which to appeal to the Board and that the Board was without authority to consider or to grant a variance.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.