On Application for Rehearing

THOMPSON, Judge.
The opinion of June 2, 2000, is withdrawn, and the following is substituted therefor.
Robert Tinker and Debbie Tinker Knight (hereinafter the “Tinkers”) own a parcel of property located on the Warrior River, near Bessemer. It is undisputed that the Tinkers’ property is zoned “R-6,” which designates that the property is located in a residential district.
In 1998, the Tinkers filed a petition with the Jefferson County Board of Zoning Adjustment (hereinafter, the “BZA”) seeking a “special exception” to the zoning requirements in order to operate on their property, in addition to their already existing boat-rental business, a “Sno Biz” concession stand. In April 1998, the BZA granted the Tinkers a “special exception” to operate the concession stand on their property.
Jeri V. Harris, one of the Tinkers’ neighbors, seeking to prevent the approval of the special exception, filed a notice of appeal in the circuit court, pursuant to § 11-52-81, Ala.Code 1975. Harris moved for a summary judgment, arguing in that motion that the applicable zoning regulations did not authorize a special exception and that, therefore, as a matter of law, the Tinkers could not obtain a special exception to the zoning regulations. The trial court denied Harris’s motion and the case proceeded to a jury trial. At the close of the Tinkers’ evidence and again at the close of the presentation of evidence, Harris moved for a judgment as a matter of law. The trial court denied those motions. The jury returned a verdict granting the Tinkers a special exception with certain restrictions; the trial court entered a judgment on that verdict. Harris appealed.
On appeal, Harris argues that the trial court erred because, she says, she was entitled to a judgment as a matter of law. We agree.
The Tinkers’ property is zoned R-6. Section 608.01 of the Jefferson County Zoning Regulations defines the R-6 district as follows:

“R-6 Single Family District

“Use Regulations. Within [an] R-6 Single Family District, a building or land shall be used only for the following purposes:
“a. Single Family Dwelling.
“b. Any use permitted in the R-l Single Family District.
“c. Mobile Homes in accordance with Article 11, Section 1114 of this Resolution.”
Section 602.01 defines the R-l district, referenced in § 608.01, as follows:

“R-l Single Family District

“Use Regulations. Within [an] R-l Single Family District, a building or land shall be used only for the following purposes:
“a. Any use permitted in the E-l District.
“b. Home day care is permitted provided the following requirements are met:
[[Image here]]
“c. Customary accessory buildings or structures, no more than two per parcel or lot not to exceed 1200 square feet and in accordance with Article 10, Sections 1000 and 1001.”
Section 600.01 defines the E-l district that is referenced in § 602.01 as follows:

“E-l Estate District

“Use Regulations. Within an E-l Estate District, a building or land shall be used only for the following purposes:
*498 “a. Single Family Dwelling
“b. Customary accessory buildings or structures, in accordance with Article 10, Sections 1000 through 1001.
“c. Home occupations in accordance with Article 14 of this Resolution.
“d. Signs are permitted only in accordance with the regulations contained in Article 11, Section 1117.”
It is undisputed that none of the uses permitted in an R-6, R-l, or E-l district apply to the facts of this ease.
In 1996, the Tinkers obtained a variance from the terms of the R-6 zoning regulations to operate a commercial boat-rental business on their property. No appeal was taken from the grant of the 1996 variance.
In 1998, the Tinkers applied for a “special exception” to the zoning regulations in order to also operate a concession stand on the property.
Although the terms “variance” and “special exception” have sometimes been used interchangeably, there is a significant distinction between the two terms. See generally 101A C.J.S. Zoning & Land Planning, § 229 (1979).
“Generally, a variance is a relief granted from the literal import and strict application of zoning regulations, thereby allowing property to be used in a manner otherwise forbidden by the terms of the regulations. See generally 101A C.J.S. Zoning and Land Planning § 229 (1979) [hereinafter cited as 101A C.J.S.]; 82 Am.Jur.2d Zoning and Planning § 255 (1976) [hereinafter cited as 82 Am.Jur.2d]. On the other hand a special exception denotes a species of administrative permission which allows a property owner to use his property in a manner which the regulations expressly permit under conditions specified in the zoning regulations themselves. See generally 101A C.J.S. § 299; 82 Am.Jur.2d § 255. Thus, a special exception is not truly an exception to the zoning regulations at all. See 101 C.J.S. § 229; 82 Am.Jur.2d § 255.
“Distinguishing between the two mechanisms can be very important, as it is well established that a special exception may not be used as a substitute for a variance in order to avoid the consequent burden of proving unnecessary hardship. 101A C.J.S. § 230.”
Lindquist v. Board of Adjustment of Jefferson County, 490 So.2d 16, 17-18 (Ala.Civ.App.1986).
Section 1500.02 of the Jefferson County Zoning Regulations addresses the power of the BZA to grant special exceptions:
“Special Exceptions. Within this Resolution, there are exceptions to the use of land listed in certain zoning districts.[1] The Board of Zoning Adjustment is specifically authorized to hear and decide such special exceptions; to decide such questions as are involved in determining whether special exceptions should be granted; and to ensure that special exceptions are granted only when they conform to the spirit and intent of this Resolution. In exercising this authority, the Board shall follow the language of this Resolution exactly and shall make certain that all the conditions specified in this Resolution have been met.”
(Emphasis added.)
Thus, a special exception grants relief that is expressly permitted in the zoning statutes. Union Bank v. Fay, 632 So.2d 493 (Ala.Civ.App.1993). Harris argues that the applicable zoning regulations for the Tinkers’ property do not provide for relief pursuant to a special exception.
It is clear that the R-6 zoning regulation applicable to the Tinkers’ property, quoted above, and the other regulations for residential property that are referenced by that regulation, do not provide for a special exception for the use proposed in this case. *499 A concession stand is not a use of the R-6 property that is expressly permitted by the zoning regulations. See Lindquist v. Board of Adjustment of Jefferson County, supra.
The BZA argues that the 1996 variance “in effect changed the zoning of the Tinkers’ property from residential [R-6] to commercial [G-l].” Therefore, the BZA argues, the concession stand would be a permissible use under the commercial (C-l) zoning regulation. The trial court agreed with the BZA and denied Harris’s motions for a judgment as a matter of law.
However, the 1996 variance did not work to alter the zoning classification of the Tinkers’ property. A variance permits a use of the subject property that is not permitted in the zoning regulations; it does not alter or convert the zoning classification of the subject property. Anderson’s American Law of Zoning § 20.73 (1996); 101A C.J.S. Zoning and Land Planning § 228 (1979). The effect of allowing this variance to alter the zoning classification of the property would be to allow the BZA to rezone property. A zoning board does not have the power or jurisdiction to rezone, or to “effectively rezone,” property. McKay v. Strawbridge, 656 So.2d 845 (Ala.Civ.App.1995).
The BZA argues that the conclusion stated above deprives it of what it characterizes as its power to rezone property through the authorization of use variances. The BZA argues that this court, in Swann v. Board of Zoning Adjustment of Jefferson County, 459 So.2d 896 (Ala.Civ.App.1984), determined that the BZA “has the power to permanently change the permitted use of land,” through issuing use variances.
In Swann, supra, this court held that the legislature had conferred upon boards of adjustment the power to authorize variances and held invalid a resolution of the Jefferson County Commission that purported to strip the BZA of its authority to authorize use variances under appropriate circumstances. Nothing in that case indicates that a board of zoning adjustment’s powers are broader than the power to authorize a variance from the strict application of the applicable zoning ordinance.
A variance is the authorization of a use of property that constitutes relief from the literal and strict application of the zoning ordinance that applies to the property in question. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244 (1951) (emphasis added). A variance does not constitute a reclassification of the zoning ordinances applicable to the property. Only the legislature or, where the legislature has delegated its power, local municipal authorities, may change a zoning classification. Calhoun v. Mayo, 553 So.2d 51 (Ala.1989).
Section ll-52-80(d), Ala.Code 1975, sets forth the powers of a board of zoning adjustment. That section, among other things, authorizes a board of adjustment to grant, in appropriate circumstances, a variance, or relief from the “literal enforcement of the provisions of the ordinance.” § ll-52-80(d)(3), Ala.Code 1975. There is no authority for the proposition that any action of a board of adjustment constitutes a rezoning of property. See Beaird v. City of Hokes Bluff, 595 So.2d 903 (Ala.Civ.App.1992) (holding that a board of zoning adjustment lacks the power to rezone property).
The BZA is incorrect in its argument that the 1996 variance it granted to the Tinkers altered the zoning classification of the Tinkers’ property. The Tinkers’ property remains zoned as property located within an “R-6 Single Family District.” The 1996 variance they obtained in order to operate a boat-rental business on that property did not change the zoning of that property. The Tinkers sought a “special exception” to the R-6 zoning classification of their property in order to operate a concession stand on their residential property. There is no provision within applicable regulations that would authorize the BZA or the trial court to grant a special *500 exception for that purpose. The trial court erred in refusing to enter a judgment as a matter of law in favor of Harris.
OPINION OF JUNE 2, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE S9(k) MOTION DENIED; REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.

. Those listed exceptions are designated "Per-mitled on Appeal Only.”